Arthur B. DAUB, Plaintiff,

v.

UNITED STATES of America et al., Defendants.

No. 63-C-404.

United States District Court
E. D. New York.

Nov. 18, 1963.

---

2. Rule 41(e) of the Federal Rules of Criminal Procedure.

3. Jones v. U. S., 362 U.S. 257, 261, 80 S. Ct. 725, 4 L.Ed.2d 697.

4. Id. 269.

Joseph P. Hoey, U. S. Atty., by Martin Wright, Asst. U. S. Atty., for the motion.

Joseph Apfel, New York City, in opposition.

RAYFIEL, District Judge.

These are two motions by the Government; one, under Rule 12(b), of the Federal Rules of Civil Procedure, to dismiss the complaint as against it on two grounds, (1) for failure to state a claim upon which relief can be granted, and (2) that the Court lacks jurisdiction over the subject matter of the action; the other, for summary judgment, on behalf of all the defendants, pursuant to Rule 56 of the Federal Rules of Civil Procedure.

The plaintiff, a resident of this District, brought this action pursuant to Section 1009 of Title 5, U. S. Code, to review the action of the Board of Appeals and Review of the United States Civil Service Commission, Washington, D. C., dated April 10, 1963. He has also asked for a declaratory judgment pursuant to Sections 2201 and 2202 of Title 28, U. S. Code, and for relief under Sections 1343 and 1346 of that Title.

The facts, briefly, are these:

The plaintiff, who had been employed as a Subsistence Inspector GS 1905-7 by the Department of Defense since July 30, 1956 at the Defense Medical Supply Center, in this District, was notified on November 9, 1962 that his employment would be terminated on December 10, 1962 by reason of a reduction in force. On November 15, 1962 the plaintiff, by letter, took an appeal from this action to the New York Region of the United States Civil Service Commission. The gravamen of the appeal was that the alleged "reduction in force" basis of his discharge was sham and actually a scheme to oust him from his position illegally because of certain incidents which had occurred while he was attending a course of study at Fort Lee, Virginia, to which he had been assigned by his superiors. He contended, *inter alia,* that no reduction in force had in fact occurred but that, quite to the contrary, two new employees had been hired to replace him. His appeal was denied on December 18, 1962 and on December 22, 1962 he filed a further appeal to the Board of Appeals and Review of the U. S. Civil Service Commission in Washington, D. C. On April 10, 1963 that body affirmed the decision of the New York Regional Office of the United States Civil Service Commission. He then commenced this action.

It appears from the foregoing that the plaintiff has exhausted his administrative remedies. Section 1009 of Title 5, U.S.C. gives this Court jurisdiction to review the actions of Government agencies under those circumstances. It provides that:

"(a) Any person suffering legal wrong because of any agency action, or adversely affected or aggrieved by such action within the meaning of any relevant statute, shall be entitled to judicial review thereof."

Paragraph (c) of said Section defines the acts reviewable as follows:

"Every agency action made reviewable by statute *and every final agency action for which there is no other adequate remedy in any court shall be subject to judicial review.*" (Emphasis added.)

The scope of the review is defined in paragraph (e) as follows:

"(e) So far as necessary to decision and where presented the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of any agency action. It shall (A) compel agency action unlawfully withheld or unreasonably delayed; and (B) hold unlawful and set aside agency action, findings, and conclusions found to be (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) contrary to constitutional right, power, privilege, or immunity; (3) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; (4) without observance of procedure required by law; (5) unsupported by substantial evidence in any case subject to the requirements of sections 1006 and 1007 of this title or otherwise reviewed on the record of an agency hearing provided by statute; or (6) unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court. In making the foregoing determinations the court shall review the whole record or such portions thereof as may be cited by any party, and due account shall be taken of the rule of prejudicial error."

█ █ Although the complaint is artlessly drawn, having been prepared by the plaintiff, who is not a lawyer, I find that it states a claim pursuant to Rule 8(a) of the Federal Rules of Civil Procedure for relief under Section 1009 of Title 5, U.S.C. His reference therein to Sections 2201, 2202, 1343 and 1346 of Title 28, U.S.C. and his prayers for declaratory and injunctive relief are surplusage. Basically it seeks a review of the action of the Department of Defense, which separated him from his employment on the ground of a reduction in force, and of the U. S. Civil Service Commission, which denied his appeals.

The Government's motion under Rule 12(b) of the Federal Rules of Civil Procedure to dismiss the complaint is therefore denied.

I come now to the motion for summary judgment. The Government contends, correctly, that "Judicial Review is available only to determine that:

"1. There has been substantial compliance with the pertinent statutory procedures provided by Congress, and

"2. There has been no misconstruction of governing legislation."

It points out that "unless there was non-compliance with a statute or regulation the Court is bound to uphold the decision of the Commission."

█ I agree with the Government's statement of the applicable law. I disagree, however, with its contention that there are no issues of fact to be determined.

█ It has been the plaintiff's contention, both in his administrative appeals and in this Court, that the action of the Defense Medical Supply Center was arbitrary, capricious and illegal in that the reduction in force which resulted in his separation from his employment was, in reality, an illegal scheme and device to oust him in reprisal for his complaint to his superior and to higher authority concerning irregularities in the conduct of examinations he had taken in a course which he had been ordered to attend at Fort Lee, Virginia. He has further contended that two individuals have been employed by the agency in question to do

the work formerly performed by him, and although the program has been given a different title it is basically the same in which he had been employed.

Of course the Government has denied these allegations, and its position has been upheld by the decisions of the Civil Service Commission. However, after reading the record herein, I believe that the plaintiff should have an opportunity to prove his charges. These are questions of fact which cannot be dismissed summarily. As my colleague, Chief Judge Zavatt, said in the case of Di Costanzo v. Willard, D. C., 165 F.Supp. 533, at page 539, "Agency action which is arbitrary, capricious or an abuse of discretion is not in accordance with law. 5 U.S.C.A. § 1009(e)."

The motion for summary judgment is denied. Settle order on notice.