**Harry H. ZUCKER, Plaintiff,**

**v.**

**Lawrence H. BAER, as Regional Director, New York Region, United States Civil Service Commission, and John W. Macy, Jr., Chairman, Ludwig J. Andolsek and Robert E. Hampton, Commissioners, Comprising and Constituting the United States Civil Service Commission, Defendants.**

United States District Court
S. D. New York.

Oct. 8, 1965.

---

4. The fact that defendant's averments are inconsistent, has not influenced this decision.

---

Harry H. Zucker, pro se.

Robert M. Morgenthau, U. S. Atty. for the Southern District of New York, for the United States, Dawnald R. Henderson, Asst. U. S. Atty., of counsel.

McLEAN, District Judge.

This is an action pursuant to 5 U.S.C. § 1009 to review and set aside a decision of the Regional Director of the New York Region of the United States Civil Service Commission. Defendants move for summary judgment.

Plaintiff is employed by the Veterans' Administration as a Veterans Claims Examiner, Grade GS–9. He contends that his position is improperly classified, and that it should be in Grade 11. The Veterans' Administration having failed to grant plaintiff's request for a reclassification, he, together with other Grade 9 Examiners, made application on July 16, 1964 to the New York Region of the Civil Service Commission for reclassification of the position. Apparently this application was made pursuant to 5 U.S.C. § 1101, which empowers the Commission to "decide whether any position is in its appropriate class and grade" and to "change any position from one class

or grade to another class or grade whenever the facts warrant."

On November 20, 1964, the Regional Director denied the application. He rendered a decision in the form of a letter addressed to plaintiff in which he concluded:

"It is our considered judgment that the present grades of the positions occupied by the appellants are correct and it is our decision that your position is properly classified as Veterans Claims Examiner GS–996–9."

Plaintiff attempted to appeal from this decision to the Board of Appeals and Review of the United States Civil Service Commission in Washington. On December 23, 1964, the Chief of the Classification Appeals Office wrote a letter to plaintiff in which he stated:

" * * * the Commission has delegated authority to its regional offices to make final decisions on classification appeals. Therefore, the November 20, 1964 decision of the New York Region terminated your right to appeal to the Civil Service Commission in this matter."

This letter went on to state:

"While this Bureau may reopen and reconsider any regional office appeal decision, we do so only on the basis of a showing of probable error in the decision or upon presentation of material facts not previously considered by the region."

As far as appears, plaintiff did not apply for any such reopening. Nevertheless, defendants do not now claim that plaintiff has failed to exhaust his administrative remedies. On the contrary, they concede that he has.

■ The scope of judicial review of a determination of an administrative agency is limited. The court may not substitute its own judgment for that of the agency as to the merits of plaintiff's claim. Under 5 U.S.C. § 1009(e), the court may set aside agency action only if it finds that action to have been unlawful in one or more of the respects specifically set forth in the statute. Of these, the only criteria which could possibly apply here are actions which are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," or "short of statutory right," or "without observance of procedure required by law." On this motion defendants assert that the court must determine these questions solely upon the basis of the administrative record. Indeed, they go farther and contend that since the administrative record is conclusive, the court must decide this case upon a motion for summary judgment, and that no trial of the action is permissible.

The initial difficulty that I encounter in considering this argument is that there is no administrative "record" here, in the usual sense of that term. The Regional Director was not required by law to hold a formal hearing upon plaintiff's application, and he held none. Hence, all that we have in the way of a "record" is the Director's decision. There is no transcript of testimony from which the court could determine what the evidence was upon which that decision was based.

Defendants have supported their motion for summary judgment by an affidavit of an Assistant United States Attorney which merely recounts the various administrative steps heretofore summarized. To this there is attached a copy of the Director's decision and copies of certain correspondence and of documents submitted to the Director by the Veterans' Administration, i. e., classification standards, job descriptions, memoranda of staff conferences, and the like. The moving papers do not include any affidavit from the Director or any other employee of the Civil Service Commission, and the court is thus left with no way of knowing what investigation the Director made or what evidence he considered except to the extent that this is reflected in his decision.

The problem which confronted the Director was not an easy one, because the

so-called standards and job descriptions which purport to define the respective positions of Claims Examiner Grade 9 and Claims Examiner Grade 11 are phrased in vague and general terms. There is no sharp, precise distinction between the two positions.[1]

The statute (5 U.S.C. § 1091) defines the word "position" as meaning "the work, consisting of the duties and responsibilities, assignable to an officer or employee * * *." Plaintiff claims that he submitted evidence to the Director tending to show that plaintiff regularly performed work which was "assignable" to him, and therefore part of his position, which was of sufficient difficulty and complexity to warrant classification of the position in Grade 11. He claims that the Director disregarded this evidence in reaching his determination. The Director's decision does not reveal what evidence plaintiff submitted or what weight, if any, the Director gave to it, or what reason he had for disregarding it if he in fact did disregard it.

██ If plaintiff submitted relevant and persuasive evidence, as he claims he did, and this evidence was ignored by the Director, as plaintiff claims it was, the Director's decision might well be thought to have been arbitrary. Whether it was or not is a matter which I cannot determine summarily on this motion. In my opinion plaintiff has raised a question of fact which should be decided only after a trial or hearing, at which testimony can be taken as to the procedure followed by the Director, as to what evidence was before him, and as to what consideration he gave to it. This is not to suggest that the court should try de novo the merits of plaintiff's claim for reclassification. The trial will, of course, be limited to the issues properly before the court in an action of this type. Such a course is not unprecedented. Defendants are clearly wrong in their contention that this case must inevitably be decided summarily. The course which I think should be followed here was followed in Powell v. Brannan, 91 U.S.App.D.C. 16, 196 F.2d 871 (1952), an action to review a determination of the Civil Service Commission. It appears from the opinion of the Court of Appeals that a hearing was held in the district court and that the district court specifically found that the Commission had "considered all evidence and points submitted by the plaintiff in support of his claim before reaching these decisions," and that "[t]he plaintiff was given the full benefit of all available procedures prior to the final determinations denying his claim."

Daub v. United States, 223 F.Supp. 609 (E.D.N.Y.1963) was an action similar to the present one, brought pursuant to 5 U.S.C. § 1009 to review the action of the Civil Service Commission. As here, defendant moved for summary judgment. As here, the question was whether the Commission had acted arbitrarily or capriciously. Judge Rayfiel denied the motion, holding that plaintiff should have "an opportunity to prove his charges." In my opinion plaintiff here should have a similar opportunity.

Motion denied.

So ordered.

---

1. On December 2, 1964, after the decision here involved was rendered, the Veterans' Administration issued a memorandum listing specifically various types of decisions which should be made only by GS–11 Examiners. Apparently there was no such concrete demarcation in writing before that date, although the memorandum purports to confirm previous instructions on this subject given at staff conferences on February 20, 1963 and January 14, 1964. The memoranda of those conferences are as vague as the standards themselves and merely refer to the types of cases to be handled by GS–11 Examiners as "certain difficult cases" and "the more difficult phases of the adjudication process."