**NEW HAVEN PUBLIC SCHOOLS**
v.
**GENERAL SERVICES ADMINIS-TRATION.**
No. 11099.

United States Court of Appeals
Seventh Circuit.
July 7, 1954.

William Fruechtenicht, Jr., Arthur H. Fruechtenicht, Fort Wayne, Ind., for appellant.

Joseph H. Lesh, U. S. Atty., Fort Wayne, Ind., Perry W. Morton, Asst. Atty. Gen., Roger P. Marquis, Reginald W. Barnes, Attorneys, Department of Justice, Washington, D. C., for appellee.

Before FINNEGAN, LINDLEY and SCHNACKENBERG, Circuit Judges.

LINDLEY, Circuit Judge.

Plaintiff, a municipal corporation in the State of Indiana, organized for school purposes, brought this suit against two governmental agencies, General Services Administration and Public Housing Administration, and two private corporations. With the latter we are not concerned. The complaint averred that the United States owned approximately 79 acres of land in Allen County, Indiana; that the Public Housing Administration had entered into an agreement to sell some 71 acres of the tract to a private corporation and that the governmental agencies had not offered the property for sale at public auction but were wrongfully contracting to sell it at private sale. This latter action the plaintiff sought to restrain; it prayed also that the court award it a right to acquire the property or a part thereof for its corporate purposes.

The two agencies filed a motion to dismiss, asserting that the court lacked jurisdiction of them or of the cause and that the complaint failed to state a claim against them. This motion the court allowed. From the order of dismissal plaintiff has taken this appeal.

■ It is admitted that the two defendants dismissed by the District Court are agencies of the executive branch of the United States government. In other words, they are administrative departments of the government. It has long been established that such agencies are not truly juridical persons but are strictly representatives of the government, who may not be sued in evasion of sovereign immunity. United States Dept. of Agriculture v. Remund, 330 U. S. 539, 541, 67 S.Ct. 891, 91 L.Ed. 1082; Herren v. Farm Security Administration,

8 Cir., 153 F.2d 76; Thomason v. Works Progress Administration, 9 Cir., 138 F. 2d 342; North Dakota-Montana Wheat Growers' Ass'n v. United States, 8 Cir., 66 F.2d 573, 92 A.L.R. 1484, certiorari denied 291 U.S. 672, 54 S.Ct. 457, 78 L. Ed. 1061.

■■ Plaintiff seeks to escape the effect of this rule for the reason, as it argues, that the suit is controlled by decisions in actions rightfully brought against individual governmental officers. It is fatal, we think, to this contention that no officers were named as parties or served with process. Indeed, such officers are subject to suit only in the District of Columbia. Blackmar v. Guerre, 342 U.S. 512, 72 S.Ct. 410, 96 L.Ed. 534. The District Court properly held that it did not have and could not entertain jurisdiction over the agencies.

■ That the cause of action was in fact one against the United States, we think is clear from the complaint. Admittedly the land belonged to the United States. A proceeding against property in which the United States has an interest, is a suit against the United States itself. Minnesota v. United States, 305 U.S. 382, 59 S.Ct. 292, 83 L. Ed. 235. See also Minnesota v. Hitchcock, 185 U.S. 373, 22 S.Ct. 650, 655, 46 L.Ed. 954, where lands of the United States were involved and the suit was brought against a cabinet officer. The court, after pointing out that plaintiff was seeking to restrain the United States from making sale of its lands and to divest the government of its title, said, 185 U.S. at page 387, 22 S.Ct. at page 855, "The United States is therefore the real party affected by the judgment and against which in fact it will operate, and the officers have no pecuniary interest in the matter." Oregon v. Hitchcock, 202 U.S. 60, 26 S.Ct. 568, 50 L.Ed. 935; Naganab v. Hitchcock, 202 U.S. 473, 26 S.Ct. 667, 50 L.Ed. 1113. Various decisions of the Supreme Court were considered in Land v. Dollar, 330 U.S. 731, 737, 738, 67 S.Ct. 1009, 91 L.Ed. 1209, where, the court announced that where the sovereign admittedly has

title to property and is sued by those who seek to compel a conveyance or to enjoin disposition of the property, the adverse claims being based on an allegedly superior equity or on rights arising under Acts of Congress, suit cannot be maintained, in the absence of consent on the part of the United States. It held further, however, that a citizen's attempt to recover its own property may, under certain circumstances, be permitted. See also Mine Safety Appliances Co. v. Forrestal, 326 U.S. 371, 66 S.Ct. 219, 90 L.Ed. 140; Morrison v. Work, 266 U.S. 481, 45 S.Ct. 149, 69 L.Ed 394; Seiden v. Larson, 88 U.S.App.D.C. 258, 188 F.2d 661, certiorari denied 341 U.S. 950, 71 S.Ct. 1017, 95 L.Ed. 1373; Young v. Anderson, 81 U.S.App.D.C. 379, 160 F.2d 225, certiorari denied 331 U.S. 824, 67 S.Ct. 1316, 91 L.Ed. 1840.

Plaintiff seeks to distinguish this line of decisions from the instant case on the authority of various others. However, we believe the cited cases are inapplicable to the present situation. Thus, United States v. Lee, 106 U.S. 196, 1 S. Ct. 240, 27 L.Ed. 171 and Goltra v. Weeks, 271 U.S. 536, 46 S.Ct. 613, 70 L.Ed. 1074, involved, in reality, only trespasses on plaintiff's own property. Franklin Tp. in Somerset County, N. J. v. Tugwell, 66 App.D.C. 42, 85 F.2d 208, was a suit to restrain acquisition of private property rather than an attempt to secure property belonging to the United States. The final disposition in the Land case did not alter the doctrine it announced, to which we have referred. That case involved possession of stock claimed to be that of plaintiff.

■ We conclude that, inasmuch as this suit concerned land owned by the United States, the action was, in its essence, one against the government itself and that, in the absence of legislation granting to plaintiff a right to sue the sovereign, the court had no jurisdiction to entertain it.

■ We might add that an examination of the complaint discloses that it stated no valid claim for relief as against the agencies. The only complaint was that plaintiff should be allowed to bid at a public sale. It made no claim to the property; it asserted no title, no interest therein. It has no contract with the government; it avers no violation of any of its cognizable legal or equitable rights.

We conclude that the District Court had no jurisdiction over the General Services Administration and Public Housing Administration; that the action constitutes an attempt to sue the United States without its consent, and that the complaint sets forth no cause of action against the two agencies. The judgment is affirmed.