335 F.2d 918
 Nick CHOURNOS, Dorothy Chournos, Samuel N. Chournos, Janice
R. Chournos, Milton A. Oman and Virginia S. Oman, Appellants,
v.
UNITED STATES of America, Bureau of Land Management, U.S.
Department of the Interior and Robert D. Nielson,
its State Director, Appellees.
 No. 7507.
 United States Court of Appeals Tenth Circuit.
 Aug. 28, 1964.
 
 Elizabeth Dudley, Atty. Dept of Justice (Ramsey Clark, Asst. Atty. Gen., William T. Thurman, U.S. Atty., Parker M. Nielson, Asst. U.S. Atty., Salt Lake City, Utah, Roger P. Marquis and Edmund B. Clark, Attys., Dept. of Justice, Washington, D.C., on the brief), for appellees.
 Before MURRAH, Chief Judge, and PICKETT and LEWIS, Circuit Judges.
 PER CURIAM.
 
 
 1
 The appellants are original locators of placer mining claims in Utah, pursuant to the mining laws of the United States. The United States Department of the Interior, through administrative proceedings, found that there had been no valid discovery of minerals on the claims, and declared them to be invalid and of no effect.[1] This action was brought for a review of the Department's decision because of erroneous action by government officials, and for an order requiring that the official records of the Department of the Interior disclose the validity of the claims. The trial court dismissed the action for lack of jurisdiction.
 
 
 2
 The Bureau of Land Management and the United States Department of the Interior are not suable entities, they are administrative agencies of the United States, which has not consented to be sued. Blackmar v. Guerre, 342 U.S. 512, 72 S.Ct. 410, 96 L.Ed. 534; Larson v. Domestic & Foreign Corp., 337 U.S. 682, 69 S.Ct. 1457, 93 L.Ed. 1628; United States Dept. of Agriculture, Emergency Crop and Feed Loans v. Remund, 330 U.S. 539, 67 S.Ct. 891, 91 L.Ed. 1082. Cf. Pan-American Petroleum Corp. v. Pierson, 10 Cir., 284 F.2d 649, cert. denied 366 U.S. 936, 81 S.Ct. 1661, 6 L.Ed.2d 848. There is no allegation or contention that the defendant Nielson acted beyond the scope of his authority. He is a local subordinate of the Secretary of the Interior, and without authority to take any affirmative action which could grant relief to the appellants. Dugan v. Rank, 372 U.S. 609, 83 S.Ct. 999, 10 L.Ed.2d 15; Malone v. Bowdoin, 369 U.S. 643, 82 S.Ct. 980, 8 L.Ed.2d 168; Hynes v. Grimes Packing Co., 337 U.S. 86, 69 S.Ct. 968, 93 L.Ed. 1231; Williams v. Fanning, 332 U.S. 490, 68 S.Ct. 1882, 92 L.Ed. 95.
 
 
 3
 The Administrative Procedure Act, 5 U.S.C. 1001 et seq., does not purport to give consent to suits against the United States. The Act provides that the person suffering legal wrong because of any agency action, or who is adversely affected or aggravated by such action, shall be entitled to judicial review. This review may be obtained only by an appropriate action in 'any court of competent jurisdiction.' Such an action may not be naintained if the court lacks jurisdiction upon any ground. Blackmar v. Guerre, supra; Kansas City Power & Light Co. v. McKay, 96 U.S.App.D.C. 273, 225 F.2d 924, cert. denied 350 U.S. 884, 76 S.Ct. 137, 100 L.Ed. 780. In Best v. Humboldt Placer Mining Co., 371 U.S. 334, 83 S.Ct. 379, 9 L.Ed.2d 350, the court discussed the nature of the rights of locators to mining claims which had not gone to patent, and stated that controversies over such claims 'should be solved by appeal to the land department, and not to the courts.' In a footnote (footnote 7, p. 338, 83 S.Ct., p. 383), the court stated that 'Claimants today may appeal the Examiner's decision to the Director of the Bureau (43 CFR, 1962, Supp., 221.1), from him to the Secretary (id., 221.31), and from there to the courts. Foster v. Seaton (106 U.S.App.D.C. 253), 271 F.2d 836.' Apparently the Supreme Court approves the procedure in Foster v. Seaton, supra, which was a suit against the Secretary of the Interior and not the United States. See McEachern v. United States, 4 Cir., 321 F.2d 31.
 
 
 4
 Affirmed.
 
 
 
 [1]
 Administrative remedies were exhausted, which included an appeal to the Secretary of the Interior