M. G. DAVIS & CO., Inc., Lawrence Levine, Walter Wax and Morris Kopel, Plaintiffs,

v.

SECURITIES AND EXCHANGE COMMISSION, Defendant.

No. 66 Civ. 67.

United States District Court
S. D. New York.
March 4, 1966.

Kreutzer, Heller, Selman & Galt, New York City, for plaintiffs. Irving Galt, New York City, of counsel. Arnold I. Burns, Erwin Cherovsky, New York City, of counsel on the brief.

Philip A. Loomis, Jr., Gen. Counsel, Ellwood L. Englander, Asst. Gen. Counsel, on argument, Richard Nathan, Atty., S. E. C., Washington, D. C., for defendant. Joseph C. Daley, Chief Enforcement Atty., S.E.C., New York City, of counsel.

LEVET, District Judge.

Two motions in the above-entitled action are before me. Plaintiffs move for a preliminary injunction restraining the Securities and Exchange Commission (hereinafter the "Commission") from holding public proceedings instituted by order of August 4, 1965 against the plaintiffs and others pursuant to Sections 15 (b) and 15A of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78o(b) and 78o–3. The Commission moves to dismiss plaintiffs' complaint and for summary judgment.

The complaint alleges that the Commission has acted and is about to act in excess of its jurisdiction in holding the above-mentioned public proceedings against the plaintiffs and others. It names only the Commission as a defendant. The Commission claims that such a suit cannot properly be maintained by reason of the doctrine of sovereign immunity. The plaintiffs contend that sovereign immunity does not apply here where "*based upon undisputed facts,* the Commission has patently acted in excess of its statutory authority." They further state that "it is of no moment that this action is brought against the Commission, *qua* Commission, rather than against individual Commissioners." In my opinion, the fact that the Commission alone is named as a defendant is fatal to plaintiffs' cause.

 The Commission is an agency of the United States Government established pursuant to 15 U.S.C. § 78d and, as such, may not be sued in evasion of sovereign immunity. New Haven Public Schools v. General Services Administration, 214 F. 2d 592 (7th Cir. 1954). "As distin-

guished from having its orders reviewed by the courts, Congress has not consented that the Commission [the Securities and Exchange Commission] be sued." Holmes v. Eddy, 341 F.2d 477, 480 (4th Cir.), cert. denied 382 U.S. 892, 86 S.Ct. 185, 15 L.Ed.2d 149 (1965).

 While it appears that administrative officials may be sued as individuals and enjoined from acting beyond their authority, see Larson v. Domestic & Foreign Commerce Corp., 337 U.S. 682, 689, 69 S.Ct. 1457, 93 L.Ed. 1628 (1949), Philadelphia Co. v. Stimson, 223 U.S. 605, 619–620, 32 S.Ct. 340, 56 L.Ed. 570 (1912), that does not mean that the agency itself may be enjoined, Blackmar v. Guerre, 342 U.S. 512, 515, 72 S.Ct. 410, 96 L.Ed. 534 (1952); Chournos v. United States, 335 F.2d 918 (10th Cir. 1964). Although there may be some lack of logic in requiring that suit be brought against the officers as individuals, and not against the agency, see Barry Laboratories v. Wisconsin State Board of Pharmacy, 26 Wis.2d 505, 132 N.W.2d 833 (1965) (allowing suit against the Board directly), the distinction is still followed in the federal courts. Rule 25(d) (2) [1] of the Federal Rules of Civil Procedure does not alter the picture. E. g., Chournos v. United States, supra. Neither Section 10 of the Administrative Procedure Act, 5 U.S.C. § 1009, nor 28 U.S.C. § 1361, under which plaintiffs allege that this court has jurisdiction, constitute, together or separately, a waiver of sovereign immunity which allows suit against the Commission here. Blackmar v. Guerre, supra, 342 U.S. at 515–516, 72 S.Ct. 410 (5 U.S.C. § 1009); Smith v. United States, 333 F.2d 70 (10th Cir. 1964) (28 U.S.C. § 1361). If the pretense is to be abandoned, the change must come from Congress or the Supreme Court. See generally, Davis, Administrative Law §§ 27.01–27.10 (1958).

Plaintiffs cite Amos Treat & Co. v. Securities and Exchange Commission, 113

---

1. Rule 25(d) (2) is as follows:

"When a public officer sues or is sued, in his official capacity, he may be de-

scribed as a party by his official title rather than by name; but the court may require his name to be added."

404

U.S.App.D.C. 100, 306 F.2d 260 (1962), in which the court enjoined the Commission from conducting certain public proceedings, but that case is clearly distinguishable. There, the verified complaint, which named the individual Commissioners in addition to the Commission, made a substantial showing that due process had been violated. Here, the complaint names only the Commission; it is not verified; and there is no showing of a violation of due process. Cf. Securities and Exchange Commission v. R. A. Holman & Co., 116 U.S.App.D.C. 279, 323 F.2d 284, cert. denied 375 U.S. 943, 84 S.Ct. 350, 11 L.Ed.2d 274 (1963).

It is unnecessary to treat the other points raised by the parties.

This constitutes my Findings of Fact and Conclusions of Law. Fed.R.Civ.P. 52(a).

Plaintiffs' motion for a preliminary injunction must be denied.

Defendant's motion to dismiss the complaint is granted without prejudice and without costs on either party.

Settle orders on notice.