KINGS COUNTY ECONOMIC COMMU-
NITY DEVELOPMENT ASSO-
CIATION et al., Plaintiffs,

v.

Clifford M. HARDIN et al., Defendants.

No. C–70 2275.

United States District Court,
N. D. California.

July 21, 1971.

Peter H. Reid, Daly City, Cal., and Fretz, Jimenez, Morper, Huerta, Santa Maria, Cal., Kerry & McManigal, McFarland, Cal., Altshuler, Denvir, El Centro, Cal., for plaintiffs.

James L. Browning, Jr., U. S. Atty., Francis B. Boone, Asst. U. S. Atty., San Francisco, Cal., for defendants.

## ORDER OF TRANSFER UNDER
## 28 U.S.C. § 1408(a).

WOLLENBERG, District Judge.

Plaintiffs herein ask this Court to compel the Secretary of Agriculture to consider the relationship of certain forms of environmental pollution to the federal farm subsidy program. They cite the National Environmental Protection Act, 42 U.S.C. §§ 4321–27, and the Federal Water Quality Improvement Act of 1970, 33 U.S.C. § 1151 et seq. These acts, among other things, require all agencies of the Federal Government to "identify and develop methods and procedures, in consultation with the Council on Environmental Quality * * * which will insure that presently unquantified environmental amenities and values may be given appropriate consideration in decisionmaking along with economic and technical considerations". 42 U.S.C. § 4332(1) (B). Plaintiffs submit voluminous data to the effect that federally subsidized agricultural operations in California's San Joaquin Valley have resulted in serious pollution of drinking, bathing, and recreational water supplies. They contend that the Department of Agriculture has never taken this factor into account in its administration of the farm subsidy program, despite the fact that the above cited legislation mandates that it do so.

Defendants move to dismiss on various grounds, including improper venue. Named plaintiffs are all residents of Kings and Kern Counties, California, both of which form part of the jurisdiction of the federal district court for the Eastern District of California. The real property "involved" herein is in the San Joaquin Valley, also situated outside the Northern District of this State. The named defendants are various officials of the Departments of Agriculture and Interior. as well as of the Federal Water Quality Administration. Among these are Lee Seidell, a regional officer of the Department of Agriculture whose offices are within this judicial district, and Paul De Falco, Jr., a Water Quality Administration official whose office is in San Francisco. The question before the Court is whether the presence in this action of named defendants DE FALCO and SEIDELL is sufficient to lay venue in the northern district of California under 28 U.S.C. § 1391(e).

"A civil action in which each defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, may, except as otherwise provided by law, be brought in any judicial district in which: (1) a defendant in the action resides, or (2) the cause of action arose, or (3) any real property involved in the action is situated, or (4) the plaintiff resides if no real property is involved in the action." 28 U.S.C. § 1391(e).

■ 28 U.S.C. § 1391 was added to the general venue statute in 1962 along with the intimately related provisions of 28 U.S.C. § 1361, i. e., the statute giving all district courts original jurisdiction of actions to compel federal officials to perform duties owed to plaintiffs. Prior to 1962, only the District Court for the District of Columbia had jurisdiction of such actions where the head of a governmental department was deemed to be an indispensable party. See 2 Moore's Federal Practice § 4.29, and 7B Moore's Federal Practice § 1361. § 1361 does not "directly" change the standards of indispensability, and this Court will follow the reasoning of Johnson v. Kirkland, 5 Cir., 290 F.2d. 440 (1961) which holds a department head to be an indispensable party if an attack is made on policies or regulations which only he has authority to alter. See 7B Moore's etc. § 1391. But § 1361 and § 1391(e) do make it easier to sue the Department head by eliminating the requirement that plaintiff(s) go to Washington, D. C. to file their action. See generally Byse and Fiocca, "Section 1361 of the Mandamus and Venue Act of 1962 [etc.]," 81 Harv.L.Rev. 308 (1967).

■ The question is as to how easy Congress really intended to make it. The wording of § 1391(e) would indi-

cate that the government is now deemed to be ubiquitous and that quite apart from the provisions about the location of real property and the residence of plaintiffs, all that really need be done to sue *in any district in the United States* is to name as "a defendant" a subordinate departmental official residing there.[1] Nor need it be alleged that the named official would have discretion to do as plaintiffs pray or that he would play any role in administering the relief requested. If his chain of command reaches back to the indispensable department head, venue is proper in his district.

■ This Court is unwilling to so interpret § 1391(e). Venue, being primarily a matter of convenience to the parties and to the Courts, is in nearly all areas of the law limited to districts which have some contact with the parties or subject matter involved in the action. Plaintiffs argue for an exception to this general rule, urging in effect that subsections (2), (3), and (4), i. e. the subsections dealing with the specifics of where the cause arose, where the parties in interest reside, and where relevant real estate is situated, are superfluous to § 1391(e). For if the Court accepts plaintiffs' interpretation of § 1391(e)(1), suit will be proper wherever a departmental officer can be found and joined (and this is nearly anywhere in today's America), regardless of the specifics of the other subsections. The argument raises the real possibility of test cases being brought, far from the site of the actual controversy, in districts whose judges have acquired a reputation for sympathy for the particular cause being urged in the complaint.

There are thus three considerations militating against the interpretation urged by plaintiffs: (1) it is inconsistent with the general rule that venue is confined to districts with some minimum contact with the real parties in interest or the subject matter of the action; (2) it assumes that subsections (2), (3), and (4) are unnecessary to § 1391(e) since subsection (1) would, without these other provisions, allow suit in nearly any district chosen by plaintiffs; and (3) it allows the most obvious kind of forum shopping in a category of action of increasing importance and frequency in the federal courts.[2]

■ The Court has found no case law or scholarly comment on the ambiguity of § 1391(e), and none has been cited by the parties.[3] Prior to 1938, the choice before a Court deciding this sort of motion was hard indeed since improper venue left no alternative but to dismiss the action. 7B Moore's Federal Practice § 1404a. Today, however, the Court is given the option to transfer a case, "if it be in the interest of justice", to another district where venue would be proper. It is irrelevant whether or not the complaint was first filed in a district with concurrent venue. 28 U.S.C. §§ 1404(a), 1406(a).[4]

■ Accordingly, the Court finds the complaint herein to have been filed in the wrong judicial district. It is hereby ordered that the action be transferred, under the provisions of 28 U.S.C. § 1406 (a) to the federal district court for the eastern district of California.

1. A public official is deemed to "reside" for the purposes of § 1391(e) in the judicial district where he performs his official duties. 1 Moore's Federal Practice 1487–88.

2. There is little case law on the post-1962 venue statute, but at least one case cited by plaintiffs on the merits of the instant action goes against them, albeit in dicta, on the venue point. See Environmental Defense Fund v. Corps of Engineers, 325 F.Supp. 728 (E.D.Ark. 1971) (the defendant Corps was said *not* to reside in the district where suit

was brought, though it did maintain an office there).

3. I. e., save for that mentioned in note 2, *supra*.

4. Professor Wright finds these sections as ambiguous as the Court finds § 1391 (e) to be, and perhaps his comment as to § 1404 is well taken as to the entire venue statute. He thus quotes the second circuit: "At best * * * the judge must guess, and we should accept his guess unless it is too wild." Wright, Law of Federal Courts 168 (1970).