**Vance HARTKE, a United States Senator, Plaintiff,**

v.

**The FEDERAL AVIATION ADMIN-ISTRATION et al., Defendants.**

**No. 73-C-276.**

United States District Court,
E. D. New York.

Nov. 2, 1973.

Charney & White, New York City, by Leon H. Charney, New York City, Perry C. Burkett, Brooklyn, of counsel, for plaintiff.

Robert A. Morse, U. S. Atty., E.D.N. Y., by Constance M. Vecellio, Asst. U. S. Atty., of counsel, for defendants.

## MEMORANDUM AND ORDER

JUDD, District Judge.

The case is before the court on defendant's motion to dismiss on jurisdictional grounds and for summary judgment and plaintiff's cross motion for summary judgment.

### Facts

The plaintiff, a United States Senator from Indiana, brought this action against the Federal Aviation Administration (FAA) and its Administrator, John H. Shaffer, to have declared unconstitutional, as applied to plaintiff, certain FAA regulations pertaining to airport searches, and for injunctive relief.

Senator Hartke alleges that he was stopped while boarding an Allegheny Airlines flight in Evansville, Indiana, enroute to Washington, D. C. to attend a session of the Senate, and was informed that it would be necessary that he submit to a search of his person and property. Although plaintiff told FAA and airline personnel that he was a Senator enroute to Washington, they insisted

that he could not board the plane unless he was searched. The plaintiff states that this incident has been repeated at other airports on several other occasions.

The procedure is alleged to be violative of Article I, section VI of the United States Constitution because it is "a restraint tantamount to temporary arrest." Article I, section VI provides, in part, that Senators and Representatives

> "shall in all Cases, except Treason, Felony and Breach of the Peace, be privileged from Arrest during their Attendance at the Session of their respective Houses, and in going to and returning from the same . . . "

Service of the summons and complaint on FAA was made at John F. Kennedy International Airport by service on the Regional Counsel, who informed the Marshal that he was not authorized to accept service. Service on Mr. Shaffer was made by certified mail to his Washington office, and to the United States Attorney General in Washington.

The defendants' motion to dismiss the complaint asserts that there is no subject matter jurisdiction over the FAA under the principles of sovereign immunity, that venue is improper as to defendant Shaffer, and that because of defective service there is no personal jurisdiction over Shaffer.

Plaintiff's counsel asserts that it would have been inappropriate to bring the action in Indiana, because Senator Hartke has had a part in the appointment process of every United States district judge in that state, and the judges might be disqualified to act. 28 U.S.C. §§ 144, 455.

## I. Subject Matter Jurisdiction

■ It is well established that the United States government cannot be sued without its consent, see Larson v. Domestic and Foreign Commerce Corp., 337 U.S. 682, 688, 69 S.Ct. 1457, 93 L. Ed. 1628 (1949), and that a suit against a federal agency is a suit against the federal government. Blackmar v. Guerre, 342 U.S. 512, 72 S.Ct. 410, 96 L.Ed. 534 (1952); Fort Worth National Corp. v. Federal Savings and Loan Ins. Corp., 469 F.2d 47 (5th Cir. 1972); New Haven Public Schools v. General Services Administration, 214 F.2d 592 (7th Cir. 1954); M. G. Davis & Co. v. Securities and Exchange Commission, 252 F.Supp. 402 (S.D.N.Y.1966).

■ In Blackmar v. Guerre, supra, the plaintiff sued the regional manager of the Veterans' Administration and the United States Civil Service Commission in an attempt to regain his job as an authorization officer in a regional Veterans' Administration office. The district court granted summary judgment for the defendant on the ground that it lacked jurisdiction over the persons of the commissioners, who were deemed indispensable parties. The Court of Appeals affirmed on the ground that venue had been improper. Blackmar v. Guerre, 190 F.2d 427 (5th Cir. 1951). In affirming the dismissal, the Supreme Court held that the Civil Service Commission was not a suable entity, stating (342 U.S. at 514, 72 S.Ct. at 411):

> "If the Commission could be sued eo nomine, we would be confronted with the question of whether service as here made would be sufficient to bring the Commission into court; but Congress has not constituted the Commission a body corporate or authorized it to be sued eo nomine."

The court then described the type of Congressional authorization necessary to constitute consent to be sued (342 U.S. at 515, 72 S.Ct. at 412):

> "When Congress authorizes one of its agencies to be sued eo nomine, it does so in explicit language, or impliedly because the agency is the offspring of such a suable entity."

Thus, absent explicit language or a necessary implication authorizing suit, a federal agency may not be sued in its own name. This rule has been consistently followed in the federal courts. See Fort Worth National Corp. v. Federal Savings and Loan Ins. Corp., supra (Federal Home Loan Bank Board);

Chournos v. United States, 335 F.2d 918 (10th Cir. 1964) (Department of Interior, Bureau of Land Management); Taft Hotel Corp. v. Housing and Home Finance Agency, 262 F.2d 307 (2d Cir. 1958), cert. denied, 359 U.S. 967, 79 S. Ct. 880, 3 L.Ed.2d 835 (1959) (Housing and Home Finance Agency); Conyugal Partnership v. Gracia, 331 F.Supp. 521 (D.P.R.1971) (Farmers Home Administration and Department of Agriculture); Environmental Defense Fund v. Corp. of Engineers of U. S. Army, 325 F.Supp. 728, 732 (E.D.Ark.1970) (Army Corps of Engineers); Benson v. City of Minneapolis, 286 F.Supp. 614 (D.Minn. 1968) (Dept. of Housing and Urban Development); Hall v. Department of Health, Education and Welfare, 199 F. Supp. 833 (S.D.Tex.1960) (Dept. of Health, Education and Welfare).

Plaintiff has not cited, nor has this court's independent research revealed, any specific statutory authorization for this suit.* The judicial review provisions of the Federal Aviation Program, 49 U.S.C. §§ 1301–1542 (1970), provide a means by which "any person disclosing a substantial interest in such order" may seek review of orders of the Civil Aeronautics Board of the Administrator of the FAA. This statute vests exclusive jurisdiction of these review proceedings in the "courts of appeals of the United States or the United States Court of Appeals for the District of Columbia." 49 U.S.C. § 1486(a)(c) (1970). Therefore, the only explicit Congressional language before this court expressly negates any jurisdiction of this court over the FAA eo nomine. This was recently recognized in Davidson v. Kane, 337 F.Supp. 922 (E.D.Va.1972).

Plaintiff contends that the doctrine of sovereign immunity is inapplicable because the acts of the defendants are unconstitutional and because the provisions of the Administrative Procedure Act constitute a waiver of sovereign immunity. We cannot accept these contentions in the context of this case.

■ In Larson v. Domestic and Foreign Commerce Corp., supra, the Supreme Court articulated two exceptions to the doctrine of soverign immunity:

"There may be, of course, suits for specific relief against officers of the sovereign which are not suits against the sovereign . . . where the officer's powers are limited by statute, his actions beyond these limitations are considered individual and not sovereign actions . . .

A second type of case is that in which the statute or order conferring power upon the officer to take action in the sovereign's name is claimed to be unconstitutional . . . Here, too, the conduct . . . is . . . not the conduct of the sovereign."

337 U.S. at 689–690, 69 S.Ct. at 1461. See Dugan v. Rank, 372 U.S. 609, 83 S. Ct. 999, 10 L.Ed.2d 15 (1963); Malone v. Bowdoin, 369 U.S. 643, 82 S.Ct. 980, 8 L.Ed.2d 168 (1962). Plaintiff apparently relies on the second enunciated exception. Such reliance is misplaced, since the exceptions in Larson merely outlined those instances in which suits against individual officers would not be considered suits against the sovereign. They did not establish situations in which the United States itself could be sued without its consent. See New Haven Public Schools v. General Services Administration, supra, 214 F.2d at 593; Environmental Defense Fund v. Corps of Engineers of U. S. Army, supra, 325 F.Supp. at 733. In M. G. Davis & Co. v. Securities and Exchange Commission, supra, 252 F.Supp. at 403, the court stated:

"Although there may be some lack of logic in requiring that suit be brought against the officers as individuals, and not against the agency . . . the distinction is still followed in the federal courts."

■ Nor does the Administrative Procedure Act constitute a general waiver of sovereign immunity. Section

---

* Plaintiff's reliance on Section 10(a) of the Administrative Procedure Act, 5 U.S.C. § 702 (1970) will be analyzed infra.

10(a) of the Act, 5 U.S.C. § 702 provides:

"A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof."

In Estrada v. Ahrens, 296 F.2d 690, 698 (5th Cir. 1961) the court, citing Adams v. Witmer, 271 F.2d 29 (9th Cir. 1958), stated that in enacting section 10(a)

"Congress permitted suits which under established tests would certainly be barred as suits against the government."

The. Estrada case was followed in Kletschka v. Driver, 411 F.2d 436, 445 (2d Cir. 1969), and Scanwell Laboratories, Inc. v. Shaffer, 137 U.S.App.D.C. 371, 424 F.2d 859 (1970). However, in Kletschka v. Driver, all the defendants were natural persons sued both individually and in their official capacities. That case is, therefore, not controlling with respect to the issue of whether the Administrative Procedure Act waives sovereign immunity in suits against federal agencies. *Cf.,* Kingsbrook Jewish Medical Center v. Richardson, 486 F.2d 663 (2d Cir., 1973).

Finally, this court must note that in Blackmar v. Guerre, *supra,* it was also claimed that the Administrative Procedure Act constituted a waiver of sovereign immunity. The Supreme Court answered the claim, stating:

"Certainly there is no specific authorization in that Act for suit against the Commission as an entity. Still less is the Act to be deemed an implied waiver of all governmental immunity from suit."

342 U.S. at 515–516, 72 S.Ct. at 412.

This court is aware of its decision in Leyden v. Federal Aviation Administration, 315 F.Supp. 1398 (E.D.N.Y.1970), in which the Administrative Procedure Act was found to be an appropriate basis for exercising jurisdiction over the FAA and its regional director. In that case, the plaintiffs, air traffic controllers employed by the FAA at John F. Kennedy Airport, sought to enjoin allegedly improperly conducted disciplinary proceedings. The case is, therefore, merely an example of review of the workings of the administrative process. Venue existed under 28 U.S.C. § 1391(b)(e)(1, 2 and 4) respecting the individual defendant. The question whether the Administrative Procedure Act authorized suit against the FAA *eo nomine* was not contested.

The doctrine of sovereign immunity is contrary to the modern concept that individuals should have a remedy for every legal wrong, even if it is committed by the government. Ansness, The Effect of Sovereign Immunity on Environmental Protection Suits Against Government Officials, 1 Valparaiso L. Rev. 1 (1971); Cahn, The New Sovereign Immunity, 82 Harv.L.Rev. 929 (1968); Jaffe, Suits Against Governments and Officers, 77 Harv.L.Rev. 1:209 (1963). The doctrine is not used here to deny a remedy, however, but to recognize the right of the legislative branch to regulate the manner in which the remedy shall be provided. *Jaffe, supra,* 77 Harv.L.Rev. at 39.

If Senator Hartke has been wronged, his remedy is not by a suit against the Federal Aviation Administration.

II. *Venue*

The general venue statute, 28 U.S.C. § 1391, provides in pertinent part:

"(e) a civil action in which each defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, may, except as otherwise provided by law, be brought in any judicial district in which: (1) a defendant in the action resides, or (2) the cause of action arose, or (3) any real property involved in the action is situated, or (4) the plaintiff resides if no real property is involved in the action."

The plaintiff does not allege that he resides in the Eastern District of New York. Since the complaint states that plaintiff was stopped while boarding an Allegheny Airlines flight in Evansville, Indiana, it appears that the cause of action did not arise in the Eastern District of New York. No real property is involved in this action. Thus, venue is proper in this district only if the individual defendant, John H. Shaffer, sued in his capacity as Administrator of the FAA, resides in this district.

■■ The venue statute was not intended to permit forum-shopping, by suing a federal official wherever he could be found, or permitting test cases far from the site of the actual controversy. Kings County Economic Community Development Ass'n v. Hardin, 333 F.Supp. 1302, 1304 (N.D.Calif.1971). The statutory reference to the district in which a defendant "resides" may not reasonably be construed to include every district where some subordinate has an office.

■ The residence of a public official sued in his official capacity is his official residence; that is, the place where his office is maintained. Butterworth v. Hill, 114 U.S. 128, 5 S.Ct. 796, 29 L.Ed. 119 (1885); Nestor v. Hershey, 138 U.S.App.D.C. 73, 425 F.2d 504 (1969); Martinez v. Seaton, 285 F.2d 587 (10th Cir.), cert. denied, Martinez v. Udall, 366 U.S. 946, 81 S.Ct. 1677, 6 L.Ed.2d 856 (1961); Stroud v. Benson, 254 F.2d 448 (4th Cir.), cert. denied, 358 U.S. 817, 79 S.Ct. 28, 3 L.Ed.2d 59 (1958); Fischler v. McCarthy, 117 F.Supp. 643 (S.D.N.Y.), aff'd 218 F.2d 164 (2d Cir. 1954).

■ In the instant case, the residence of the Administrator of the FAA is in the District of Columbia. Venue in this district is, therefore, improper. See Taft Hotel Corp. v. Housing and Home Finance Agency, supra, 262 F.2d at 308; Benson v. City of Minneapolis, supra, 286 F.Supp. at 620; Napier v. Veterans' Administration, 187 F. Supp. 723 (D.N.J.1960).

■ Plaintiff has suggested that should this court find venue improper, the case should be transferred pursuant to 28 U.S.C. §§ 1404(a), 1406(a). Plaintiff, as a United States Senator, has his official residence in the District of Columbia, which is also the official residence of defendant Shaffer. The District of Columbia would be a convenient forum for both parties. Transfer to that district would avoid the necessity of bringing an entirely new action, and is supported by the court's procedure in the Kings County case, supra, 333 F. Supp. at 1304. It will be directed here. The court finds no basis for the plaintiff's contention that the District of Columbia courts are too occupied with Watergate matters to have to have time for other civil actions.

Since the parties are not properly before this court, the motions for summary judgment will not be determined.

It is therefore ordered that (1) the complaint be dismissed as to the defendant Federal Aviation Administration for lack of jurisdiction; (2) the action against defendant Shaffer be transferred to the United States District Court for the District of Columbia; and (3) the Clerk of Court transmit the file to the Clerk of such Court.