**Rev. Billy Joe CLEGG, Plaintiff,**

v.

**U. S. TREASURY DEPARTMENT and U. S. Secret Service, Defendants.**

Civ. A. No. 75–5150–J.

United States District Court,
D. Massachusetts.

Jan. 29, 1976.

Rev. Billy Joe Clegg, pro se.

William A. Brown, Asst. U. S. Atty., Civ. Div., Boston, Mass., for defendants.

## ORDER

JULIAN, Senior District Judge.

On December 17, 1975, the plaintiff, Rev. Billy Joe Clegg, filed a pro se complaint against the United States Treasury Department and the United States Secret Service, alleging failure to provide Secret Service protection to the plaintiff as a presidential candidate. As set forth in the complaint, the plaintiff seeks damages and equitable relief as follows: "immediate injunctive relief", damages of one million dollars ($1,000,000), and "the direct Order of the Court to insure Secret Service protection for all candidates that are declared and qualified for the office . . . if said candidates so request." Thereafter, on January 5, 1976, the plaintiff filed a "Motion for Temporary Restraining Order and Affidavit."

By a Court Order issued January 7, 1976, the complaint was dismissed for failure to state a claim upon which relief could be granted, subject to the plaintiff's right to amend pursuant to Rule 15(a) of the Federal Rules of Civil Procedure. Exercising this right, the plaintiff filed an amendment to his complaint on January 12, 1976. A hearing was subsequently scheduled on the plaintiff's application for a temporary restraining order. Prior to the hearing, the government filed a "Motion to Dismiss."

On January 15, 1976, a hearing was held on the government's "Motion to Dismiss" and on the plaintiff's request for the issuance of a temporary restraining order and a preliminary injunction.[1] After the hearing, these matters were taken under advisement.

Public Law No. 90–331(a) (82 Stat. 170), found as a note following 18 U.S.C. § 3056, provides:

"The United States Secret Service . . is authorized to furnish protection to persons who are determined from time to time by the Secretary of the Treasury, after consultation with the advisory committee, as being major presidential or vice presidential candidates who should receive such protection . . . ."

On November 28, 1975, the plaintiff sent a mailgram to the Assistant Secretary of Inforcement, Operations, and Tariff Affairs, of the United States Treasury Department, from Nashua, New Hampshire, "demand[ing] an offer of Secret Service Protection." On December 5, 1975, the Assistant Secretary wrote the plaintiff, at Manchester, New Hampshire, declining protection and referring the plaintiff to Advisory Committee Guidelines for assignment of secret service protection to presidential candidates pursuant to Public Law No. 90–331, approved September 23, 1975.

---

1. The plaintiff represented at the hearing that he intended his "Motion for Temporary Restraining Order and Affidavit" to serve as an application for a preliminary injunction as well as a temporary restraining order. As no objection was made by the government, the hearing was held on both issues.

The Advisory Committee Guidelines provide that in order to be deemed a major presidential candidate, an individual must meet the following criteria:

"(a) the candidate has publicly announced his or her candidacy;.

"(b) the candidate is seriously interested in, and actively campaigning on a national basis for, the office for which his or her candidacy has been announced; and

"(c) the candidate 'appears to qualify', or, after January 1, 1976, has actually qualified, for matching payments under Sections 9031 through 9042 of Title 26, United States Code, in an amount of at least $100,000, for the President campaign for which nomination is sought."

The Guidelines also provide that the Secretary of the Treasury may determine, after consultation with the Advisory Committee, that a person is a major candidate despite the fact that the above criteria are not satisfied.

The Assistant Secretary's letter to the plaintiff concluded by stating that upon his receiving written assurance from the Federal Election Commission that the plaintiff appears to qualify for matching funds, and upon a determination that the plaintiff meets other Guideline requirements, the plaintiff would be provided with Secret Service protection.

The complaint challenges the constitutionality of subsection (c), the third requirement set forth in the Advisory Committee Guidelines, in the following manner:

"I have been informed that I need to obtain monies to qualify for the Secret Service protection which I believe to be contrary to the Constitution of the United States of America.

"In accordance with the Constitution of the United States I am fully qualified to be President of the United States, and no where in the Constitution is there any mention that money is a pre requisite [sic] for equal rights."

We are precluded, however, for the reasons set forth below, from reaching the merits of this claim, or from granting the plaintiff the relief sought.

■ The complaint does not contain a statement of the grounds upon which this Court is alleged to have jurisdiction to entertain the present action, as required by Rule 8(a)(1) of the Federal Rules of Civil Procedure, nor can this defect be remedied since the Court does not have jurisdiction over the named defendants. It is well-established law that the United States cannot be' sued without its consent, and that a court has no jurisdiction over such a suit. *United States v. Sherwood*, 312 U.S. 584, 586–588, 61 S.Ct. 767, 769–770, 85 L.Ed. 1058 (1941); *Nickerson v. United States*, 513 F.2d 31 (1 Cir. 1975). Moreover, a suit against a federal agency is a suit against the federal government. *Blackmar v. Guerre*, 342 U.S. 512, 72 S.Ct. 410, 96 L.Ed. 534 (1952); *Chacon v. Granata*, 515 F.2d 922, 924 n.2 (5 Cir. 1975); *Fort Worth Nat. Corp. v. Federal Savings and Loan Ins. Corp.*, 469 F.2d 47 (5 Cir. 1972); *Krouse v. United States Gov't Treas. Dept. Int. Rev. Service*, 380 F.Supp. 219 (C.D.Cal.1974) (Department of the Treasury and the Internal Revenue Service); *Hartke v. Federal Aviation Administration*, 369 F.Supp. 741 (E.D. N.Y.1973).

■ In *Blackmar v. Guerre, supra*, the Supreme Court held that the United States Civil Service Commission was not a suable entity, stating:

"Congress has not constituted the Commission a body corporate or authorized it to be sued *eo nomine*." (342 U.S. at 514, 72 S.Ct. at 411, 96 L.Ed. at 538.)

In order to sue a federal agency in its own name, Congressional consent must clearly be found:

"When Congress authorizes one of its agencies to be sued *eo nomine*, it does so in explicit language, or impliedly because the agency is the offspring of such a suable entity." (342 U.S. at 515, 72 S.Ct. at 412, 96 L.Ed. at 539.)

No such statutory authorization provides jurisdictional grounds for this suit as against either the United States Treasury Department or the United States Secret

Service.[2]  *Krouse v. United States Gov't Treas. Dept. Int. Rev. Service, supra.*

■ The plaintiff's action must also be dismissed for want of an indispensable party.  *Williams v. Fanning,* 332 U.S. 490, 68 S.Ct. 188, 92 L.Ed. 95 (1947);  *Webster v. Fall,* 266 U.S. 507, 45 S.Ct. 148, 69 L.Ed. 411 (1925);  *Johnson v. Kirkland,* 290 F.2d 440 (5 Cir. 1961), *cert. denied,* 368 U.S. 889, 82 S.Ct. 142, 7 L.Ed.2d 88 (1961);  *Pan American Petroleum Corporation v. Pierson,* 284 F.2d 649 (10 Cir. 1960), *cert. denied,* 366 U.S. 936, 81 S.Ct. 1661, 6 L.Ed.2d 848 (1961);  *King's County Economic Community Dev. Ass'n v. Hardin,* 333 F.Supp. 1302 (N.D.Cal.1971);  *McGrimley v. Foley,* 89 F.Supp. 10 (D.C.Mass.1950), *aff'd per curiam,* 180 F.2d 1022 (1950).

In *Webster v. Fall, supra,* the Supreme Court held that an action by a member of the Osage Indian tribe to compel payments under an act of Congress should properly have been dismissed for failure to cause service to be made upon the Secretary of the Interior.  The Secretary was specifically granted the exclusive power to make payments under the act, consequently, he was determined by the Court to be an indispensable party.  The pertinent considerations for establishing the indispensability of a superior officer were elaborated upon in the later case of *Williams v. Fanning, supra.*  In reaching its decision the Court declared:

> "[T]he superior officer is an indispensable party if the decree granting the relief sought will require him to take action, either by exercising directly a power lodged in him or by having a subordinate exercise it for him."  (332 U.S. at 493, 68 S.Ct. at 189, 92 L.Ed. at 98)

Only where relief may be granted without risk that the judgment awarded will "expend itself on the public treasury or domain, or interfere with the public adminis-

tration" may the suit proceed in the absence of the superior officer.  332 U.S. at 493, 68 S.Ct. at 189, 92 L.Ed. at 98.

Applying these principles to the present action, it is obvious that the Secretary of the Treasury is an indispensable party. Public Law No. 90–331(a) designates the Secretary of the Treasury as the sole officer empowered to make a determination as to those presidential candidates who should receive Secret Service protection.  Since the statutory authorization of Secret Service protection is delegated to the Secretary, and since the power and responsibility to provide such protection are his alone, the named defendants are legally incapable of rendering the relief requested by the plaintiff.  While the plaintiff asks this Court to restrain the defendants from denying him Secret Service protection on the basis of subsection (c) of the Advisory Committee Guidelines, he additionally applies for affirmative relief in the form of a direct order compelling Secret Service protection for all candidates who are declared and qualified for the Presidency, thereby necessitating action which can only be taken by the Secretary of the Treasury.  Moreover, it cannot be disputed that such action would expend itself on the public treasury. Hence, under the holdings of *Webster v. Fall, supra,* and *Williams v. Fanning, supra,* the complaint must be dismissed.

■ Further, the Secretary of the Treasury cannot be joined as a defendant so as to obviate this deficiency as well as the jurisdictional impediment previously discussed, since his joinder would render the venue of the action improper.  Title 28 U.S.C. § 1391(e) provides in pertinent part:

> "(e) A civil action in which each defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the Unit-

**2.**  In *Koss v. Securities and Exchange Com'n of United States,* 364 F.Supp. 1321, 1327, n. 14 (S.D.N.Y.1973), the Court labeled a claim by the SEC that it could not be sued *eo nomine* as frivolous insofar as the individual Commissioners could readily be joined as defendants under Rule 19 of the Federal Rules of Civil Procedure. In the present suit, however, the Secretary of the Treasury, an essential party to the action, cannot be joined as a defendant, as discussed below.

ed States, may, except as otherwise provided by law, be brought in any judicial district in which: (1) a defendant in the action resides, or (2) the cause of action arose, or (3) any real property involved in the action is situated, or (4) the plaintiff resides if no real property is involved in the action."

There is no allegation in the pleadings that the plaintiff resides in Massachusetts. Further, the cause of action cannot be said to have arisen in this District: the correspondence between the plaintiff and the Assistant Secretary was issued between New Hampshire and the District of Columbia, and it was not disputed at the hearing that the plaintiff is not a certified candidate for the Massachusetts presidential primary. Lastly, the residence of a public official being sued in his official capacity is his official residence, which, in this instance, were the Secretary to be joined, would be Washington, D. C. *Hartke v. Federal Aviation Administration, supra; Kings County Economic Community Dev. Ass'n v. Hardin, supra.* Similarly, in the absence of joinder of the Secretary of the Treasury, the action as against the Treasury Department and the Secret Service must be dismissed for improper venue because those agencies reside in Washington, D. C.

> "The venue statute was not intended to permit forum-shopping, by suing a federal official wherever he could be found, or permitting test cases far from the site of the actual controversy. [Citation omitted.] The statutory reference to the district in which a defendant 'resides' may not reasonably be construed to include every district where some subordinate has an office." (369 F.Supp. at 746.)

As we have held the Secretary of the Treasury to be an indispensable party to this action, and as his joinder would render the venue improper, the action must be dismissed pursuant to Rule 19(b) of the Federal Rules of Civil Procedure. Additionally, the action is dismissed for want of jurisdiction over the defendants, and for improper venue in this Court.