Honorable C. William O'NEILL, Chief Justice of Ohio, et al., Petitioners,

v.

Honorable Frank J. BATTISTI, Chief Judge, United States District Court for the Northern District of Ohio, Respondent. George R. Heitzler, Jr., Intervenor.

No. 72–2062.

United States Court of Appeals, Sixth Circuit.

Nov. 10, 1972.

Certiorari Denied May 7, 1973.
See 93 S.Ct. 2142.

Victor DeMarco, Marc L. Swartzbaugh, Patrick F. McCartan, Robert J. Hoerner, Jones, Day, Cockley & Reavis, Cleveland, Ohio, on brief for petitioners.

Stanley E. Preiser, David C. McCue, Preiser & Wilson, Charleston, W. Va., for intervenor.

Before PHILLIPS, Chief Judge, and MILLER and LIVELY, Circuit Judges.

PER CURIAM.

This case is before the Court on a petition for writ of mandamus or prohibition, filed by the Chief Justice and the Associate Justices of the Supreme Court of Ohio against the Chief Judge of the United States District Court for the Northern District of Ohio. By authority of the All Writs Statute, 28 'U.S.C. § 1651, we grant the writ of mandamus as prayed in the petition.

Disciplinary action is in process before the Supreme Court of Ohio involving George S. Heitzler, Jr., a Judge of the Court of Common Pleas of Hamilton County, Ohio, at Cincinnati. Judge Heitzler has been charged by the Board of Commissioners on Grievances and Discipline of the Supreme Court of Ohio with numerous violations of the Canons of Judicial Ethics. The Board also has recommended that Judge Heitzler be suspended indefinitely from the practice of law.

On September 8, 1972, the Chief Justice of Ohio entered an order, pursuant to the authorization of his court, to the effect that Judge Heitzler hear no further cases or other matters pending in the Domestic Relations Division of the Common Pleas Court of Hamilton County nor perform any other judicial duties until the Supreme Court has rendered its final decision and judgment in the pending matter. See Cincinnati Bar Association v. Heitzler, 31 Ohio St.2d 187, 287 N.E.2d 632 (1972). On the same day the Chief Justice assigned a retired State Common Pleas Judge to sit temporarily in the Domestic Relations Division of the Court of. Common Pleas' of Hamilton County.

Judge Heitzler filed action No. C72–1140 in the United States District Court for the Northern District of Ohio, under the Civil Rights Act, 42 U.S.C. § 1983, naming as defendants the Chief Justice and Associate Justices of the State Supreme Court. On October 25, 1972, the United States District Court issued an ex parte temporary restraining order, restraining the Justices of the Supreme Court "and all persons acting in concert with them" from enforcing the Supreme Court's order of September 8, 1972, or from taking any further disciplinary action against Judge Heitzler.

The petition for writ of mandamus or prohibition was filed in this Court on October 27, 1972. On the same date a judge of this Court entered an order staying all further proceedings in the District Court in action No. C72–1140 until November 16, 1972, or until the further order of this Court. This order recites that a hearing is scheduled before the Supreme Court of Ohio on November 15, 1972, that the issues in the State proceeding are identical and that the compensation of Judge Heitzler continues and is unaffected by any order heretofore entered by the State Supreme Court. The order further recites that the doctrine of abstention "requires that the issues in this case which finds its roots in the judicial system of the State

of Ohio be first resolved by the Ohio Supreme Court . . . ."

On November 1, 1972, Judge Heitzler filed a motion to intervene in the proceedings in this Court. This motion was granted. Judge Heitzler also has filed in this Court a motion to dissolve, vacate, dismiss or modify the stay order heretofore entered by this Court and a brief in support of his motion. This motion is hereby denied.

■ This Court is of the view that the issuance of a temporary restraining order by the District Court under the facts of this case was improvident, and that the District Court should have abstained from interfering with the pending proceedings in the Supreme Court of Ohio. As said by the Supreme Court in Atlantic Coast Line Railroad Co. v. Brotherhood of Locomotive Engineers, 398 U.S. 281, 297, 90 S.Ct. 1739, 1748, 26 L.Ed.2d 234:

> "Any doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed in an orderly fashion to finally determine the controversy. The explicit wording of § 2283 itself implies as much, and the fundamental principle of a dual system of courts leads inevitably to that conclusion."

■ It is clear that venue does not lie in the Northern District of Ohio in the action filed there by Judge Heitzler against the Justices of the Supreme Court of Ohio. Under 28 U.S.C. § 1391 (b), a civil action must be brought in the judicial district where all the defendants reside or where the claim arose. The official residence of the Supreme Court of Ohio is in the place where it performs its official duties, that is, Co-lumbus, the State Capital and the seat of State Government. Under Ohio law, regular sessions of the Supreme Court are held only in Columbus. See O.R.C. § 2503.33. Columbus is in the Southern District of Ohio.

> "Where a public official is a party to an action in his official capacity, he resides in the judicial district where he maintains his official residence, that is, where he performs his official duties." 1 Moore's Federal Practice 1487–88.

Judge Heitzler relies upon 28 U.S.C. § 1392(a) as making the Northern District of Ohio a proper venue in this case. We hold that § 1392(a) is not applicable in the present case.

A writ of mandamus will issue as prayed in the petition, Holub Industries, Inc. v. Wyche, 290 F.2d 852 (4th Cir. 1961).[1] The United States District Court for the Northern District of Ohio is directed:

(1) To vacate and withdraw the temporary restraining order of October 25, 1972, enjoining the Ohio Supreme Court from taking any further action in disciplinary proceedings against Judge George S. Heitzler, Jr. and from enforcing the order of the Supreme Court of September 8, 1972; and

(2) To dismiss the action filed by Judge Heitzler against the Justices of the Supreme Court of Ohio, No. C72–1140, for lack of venue.

[3] We are aware, as the court was in *Holub, supra,* that the writ of mandamus is an extraordinary remedy "to be used reluctantly and only in exceptional cases." In this case we regard the circumstances to be both exceptional and extraordinary.

---

1. It is apparent that the court for purposes of issuing the writ of mandamus equated a "lack of venue" with a "lack of jurisdiction." 290 F.2d at 854.