**BUFFALO TEACHERS FEDERATION, INC., Plaintiff,**

v.

**Robert D. HELSBY et al., Defendants.**

**No. 76 Civ. 4875.**

United States District Court,
S. D. New York.

Dec. 23, 1976.

Paul E. Klein, Albany, N. Y., for plaintiff; Deborah A. Watarz, Mineola, N. Y., of counsel.

Louis J. Lefkowitz, Atty. Gen., State of N. Y., New York City, for defendants; Joel Lewittes, New York City, of counsel.

### MEMORANDUM

FRANKEL, District Judge.

The Buffalo Teachers Federation sues for declaratory and injunctive relief against three members of the New York Public Employment Relations Board ("PERB"). Plaintiff challenges on equal protection grounds an aspect of the State's Taylor

Law, which prohibits public employees from striking and mandates certain sanctions for violations of the prohibition. The gravamen of the complaint is that the Taylor Law unfairly discriminates with regard to the revocation of dues check-off privileges in the event of a strike of public employees between public employee unions operating in local jurisdictions which have adopted their own labor regulations and those unions which operate in localities not having such regulations. Defendants have moved to transfer the action to the Northern District of New York, arguing that venue is either improper or inconvenient in this forum. See 28 U.S.C. §§ 1404(a) and 1406(a). For reasons to be discussed, the court finds that a transfer is neither required nor desirable.

## I.

Venue for this case is to be found in 28 U.S.C. § 1391(b), which provides that:

"[a] civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought only in the judicial district where all defendants reside, or in which the claim arose, except as otherwise provided by law."

Plaintiff relies on the first prong of the statutory test, the residence of the defendants, contending that PERB, in addition to having its central headquarters in Albany, also maintains a field office and conducts part of its official business in New York City. Such factors are alleged to supply a sufficient predicate for a finding of residence and venue in this district. Defendants respond that the official residence of PERB and its members is Albany, the situs of its main office, and that plaintiff's choice of forum is therefore improper. The question is when, if ever, a state governmental entity can be said to have more than one official residence for venue purposes.

■ The general rule concerning residence of public officials is that "[w]here a public official is a party to an action in his official capacity, he resides in the judicial district where he maintains his official residence, that is, where he performs his offi-

cial duties." 1 Moore, Modern Federal Practice 1396 (2d ed. 1976). See, e. g., *Butterworth v. Hill*, 114 U.S. 128, 5 S.Ct. 796, 29 L.Ed. 119 (1885); *O'Neill v. Battisti*, 472 F.2d 789 (6th Cir. 1972); cert. denied sub nom. *Heitzler v. O'Neill*, 411 U.S. 964, 93 S.Ct. 2142, 36 L.Ed.2d 685 (1973); *Fischler v. McCarthy*, 117 F.Supp. 643 (S.D.N.Y.), aff'd 218 F.2d 164 (2d Cir. 1954). A number of the cases applying this principle for venue purposes have involved federal officials or agencies and have found only one official residence. These cases turn in part on (1) the difficulties for the Federal Government if it were forced to answer complaints in a multitude of forums and (2) the obvious problem of forum shopping if suits could be brought in any district where a subordinate departmental officer resides. See, e. g., *Hartke v. Federal Aviation Administration*, 369 F.Supp. 741 (E.D.N.Y. 1973); *Kings County Economic Community Development Association v. Hardin*, 333 F.Supp. 1302 (N.D.Cal.1971); *Fischler v. McCarthy, supra.*

■ Such problems are significantly less serious in the context of a suit against a state governmental entity or official. The threat of severe inconvenience or forum shopping is scarcely sufficient in cases against state officials to warrant a blanket rule that there may never be more than a single residence. Where genuine burdens are created for the governmental defendants—as does not appear to be true here—they can be relieved by discretionary transfers under 28 U.S.C. § 1404(a).

The cases finding a limit of one *federal* residence may also be explicable to some extent by the fact that several alternate bases for venue are available in suits against federal officers and agencies, but not in suits brought against state officials. *Compare* 28 U.S.C. § 1391(e) (action against officer or agent of United States may be brought in judicial district in which (a) a defendant resides, (b) the cause of action arose, (c) real property involved in the action is situated, or (d) plaintiff resides if no real property is involved in the action) *with* 28 U.S.C. § 1391(b) (venue lies in judicial

**830**

district where all defendants reside or where claim arose). See also *Kings County Economic Community Development Association v. Hardin, supra* at 1304.

 Whatever their full rationales, the cases against federal officials are found insufficient to sustain defendants' claim that venue is wanting in this district. It is uncontradicted that PERB maintains an official office in New York City and that a significant portion of PERB's business is conducted in that office. This seems sufficient (without regard to the fact that two of the three defendants actually reside in this district) in the circumstances of this case to justify the laying of venue in this court.

### II.

Defendants seek in the alternative a transfer under 28 U.S.C. § 1404(a) to the Northern District of New York. It appears from the papers that a decision on the merits will not require extensive production of witnesses or documents; the text of the Taylor Law and perhaps a few supporting documents will likely comprise the majority of the needed materials. Inconvenience to counsel, not generally a critical factor in any case, is of little or no significance here given the proximity of the Attorney General's Office and the willing participation of plaintiff's counsel in this forum. The Northern District is deluged with work, its resources far more severely taxed than are those of this court. While plaintiff's choice of forum has of late been accorded reduced significance in venue matters, here no countervailing considerations have been presented to overcome that still pertinent factor.

Defendants' motion is denied. So ordered.