FLORIDA NURSING HOME ASSOCIATION et al., Plaintiffs-Appellants,

v.

William PAGE, Jr., et al., Defendants-Appellees,

The Department of Health, Education and Welfare and Patricia Roberts Harris, Secretary of Health, Education and Welfare, Defendants.

GOLDEN ISLES CONVALESCENT CENTER, INC., et al., Plaintiffs-Appellants,

v.

William PAGE, Jr., et al., Defendants,

The Department of Health, Education and Welfare and Patricia Roberts Harris, Secretary of Health, Education and Welfare, Defendants-Appellees.

GOLDEN ISLES CONVALESCENT CENTER, INC., d/b/a Hallandale Rehabilitation Center, etc., et al., Plaintiffs-Appellees,

v.

Patricia Roberts HARRIS, Individually and as Secretary of the Department of Health, Education and Welfare, Defendant,

William J. Page, Jr., Individually and as Secretary of the Department of Health and Rehabilitative Services of the State of Florida, et al., Defendants-Appellants.

Nos. 78–2745, 77–3467.

United States Court of Appeals, Fifth Circuit.

May 16, 1980.

Dempsey & Slaughter, Bernard H. Dempsey, Jr., Harrison T. Slaughter, Jr., Joseph B. Whitebread, Jr., A. Thomas Mihok, Orlando, Fla., for Florida Nursing Home Ass'n et al.

Shaw & Segall, Elliott S. Shaw, Miami, Fla., for Golden Isles Convalescent Center, Inc., et al.

James G. Mahorner, Dept. of Health & Rehabilitative Services, Tallahassee, Fla., for Page et al.

James G. Mahorner, Tallahassee, Fla., Robert S. Greenspan, William Kanter, Attys. App. Staff, Civ. Div., Dept. of Justice, Washington, D. C., for Harris et al.

Shaw & Segall, Elliot S. Shaw, Miami, Fla., for plaintiffs in all cases.

Before AINSWORTH and HENDERSON, Circuit Judges, and HUNTER,* District Judge.

AINSWORTH, Circuit Judge:

These consolidated appeals arise from separate orders of the United States District Court for the Southern District of Florida. The orders resulted from partial adjudications in two suits brought by several Florida nursing homes against the Florida Department of Health and Rehabilitative Services (DHRS) and its secretary and the secretary and regional director of the United States Department of Health, Education and Welfare (HEW) concerning plaintiffs' rights to receive payments on a "reasonable cost-related basis" for services rendered under the Medicaid program of the Social Security Act (the Act).[1] 42 U.S.C. § 1396 *et seq.*

Both suits sought to have a regulation issued by HEW, 45 C.F.R. § 250.3(a)(3)(iv) (1976), declared invalid. This regulation establishes January 1, 1978 as the date by which states participating in the Medicaid program were required to implement a plan to reimburse providers of services on a reasonable cost-related basis.[2] Section 249 of

---

* District Judge of the Western District of Louisiana, sitting by designation.

1. Plaintiffs alleged in their complaints that at all times the Florida Department of Health and Rehabilitative Services has failed to develop and implement a plan to reimburse plaintiffs for skilled nursing facility and intermediate facility services on a reasonable cost-related basis as required by section 249 of the Social Security Act, 42 U.S.C. § 1396a(a)(13)(E).

Instead, Florida continues to set statewide maximum reimbursement level caps of $630 per month for skilled nursing services and $560 and $500 per month, respectively, for intermediate I and II levels of care regardless of the actual and allowable reasonable costs of such care.

2. 45 C.F.R. § 250.30(a)(3)(iv) (1976) provides: The State plan shall set forth the methods and standards used by the State to determine reasonable cost-related payment rates, and shall set payment rates on the basis of such methods and standards, to be effective no later than January 1, 1978. . . .

the Social Security Act, 42 U.S.C. § 1396a(a)(13)(E), however, fixes July 1, 1976 as the effective date for implementing such a plan for reimbursement.[3]

In the first suit, brought by Golden Isles Convalescent Center, Inc. and other licensed nursing homes in Dade and Broward Counties, Florida (referred to collectively as Golden Isles), the district court upon plaintiffs' motion for summary judgment held the administrative regulation invalid as inconsistent with the congressional mandate provided for in the Act.[4] In partially granting Golden Isles' motion for summary judgment, the court held that plaintiffs were entitled to payment from the state on a reasonable cost-related basis prospectively from the date of its ruling, October 18, 1977. It also ordered Florida DHRS to submit a plan effective October 18 and approved by HEW in compliance with the Act's mandate for providing a cost-related reimbursement plan. The court reserved ruling on the question of plaintiffs' entitlement to reimbursement retroactively from July 1, 1976, the date set out in the statute. In its order the court also ruled that its exercise of jurisdiction and venue were proper, despite objections by defendants that exclusive jurisdiction lies in the United States Supreme Court and that venue was proper only in the Northern District of Florida, the location of the main offices of the DHRS. Defendant Florida DHRS appealed the court's order.[5] The issues raised by appellant constitute the substance of the first appeal before us, which appeal will be referred to as the *Golden Isles* case (No. 77–3467).

In the second suit, the court also granted a partial summary judgment in favor of plaintiffs, Florida Nursing Home Association and its nursing home members (collectively referred to as Florida Nursing Home). In its order the court incorporated its opinion in the *Golden Isles* case invalidating the HEW regulation and requiring the state to reimburse plaintiffs on a reasonable cost-related basis from October 18, 1977 prospectively. Once again, a ruling on plaintiffs' right to retroactive relief was reserved by the district court until it considered written memoranda submitted by the parties. No appeal was taken by defendants from this order.

While Florida's appeal from the partial summary judgment in the *Golden Isles* case was still pending in this court, the district court consolidated for trial the *Golden Isles* and *Florida Nursing Home* cases for a determination whether the current approved plan submitted by Florida DHRS complies with the applicable Social Security statute.[6] In its order the court also entered judgment

3. Section 249 of the Act, in pertinent part, provides:

§ 1396a. State plans for medical assistance—Contents

(a) A State plan for medical assistance must—

. . . . .

(13) provide—

. . . . .

(E) effective July 1, 1976, for payment of the skilled nursing facility and intermediate care facility services provided under the plan on a reasonable cost related basis, as determined in accordance with methods and standards which shall be developed by the State on the basis of cost-finding methods approved and verified by the Secretary;

. . . . .

4. In its ruling the court relied on *Alabama Nursing Home Association v. Califano*, 433 F.Supp. 1325 (M.D.Ala.1977), decided just three months prior to the court's order. The Alabama case also involved the validity of HEW regulation 45 C.F.R. § 250.30(a)(3)(iv) (1976). The Alabama court in invalidating the administrative regulation insofar as it set an effective date other than July 1, 1976 for implementing a reimbursement plan based on a reasonable cost basis found it to be clearly inconsistent with section 249 of the Social Security Act. 433 F.Supp. at 1331.

5. HEW chose not to participate in this appeal, since in its assessment of the issues presented "the rights of the federal government are not directly at issue." Letter of U.S. Dept. of Justice to Clerk, U.S. Court of Appeals, Fifth Circuit, dated January 30, 1979.

6. Pursuant to the court's order of October 18, 1977, in the *Golden Isles* case, Florida submitted a plan for reimbursement of providers of services on a reasonable cost-related basis which was approved by HEW. This matter is still pending in the district court below.

in favor of defendant Florida DHRS denying plaintiffs Golden Isles and Florida Nursing Home retroactive reimbursement from the state on a reasonable cost-related basis for services rendered prior to October 18, 1977. Plaintiffs appealed the court's ruling regarding their right to retroactive payments. The issue of plaintiffs-appellants' entitlement to reimbursement from the state on a reasonable cost-related basis prior to October 18, 1977 constitutes the substance of the second appeal to be addressed by us, which we will refer to as the *Florida Nursing Home* case (No. 78–2745).

Golden Isles Case (No. 77–3467)

In its appeal of the court's partial granting of Golden Isles' motion for summary judgment, appellant Florida DHRS asserts the district court erred in four respects. We disagree and affirm the court's ruling.

I.

■ Appellant first contends that the district court was without jurisdiction to hear this controversy because original and exclusive jurisdiction lies in the United States Supreme Court. Florida argues that since this action constitutes a controversy between a state and its own citizens under article III, section 2, clause 2 of the United States Constitution, the Supreme Court has original and exclusive jurisdiction. Appellant's contention is erroneous.

It is well established that the United States Constitution grants neither original nor exclusive jurisdiction to the United States Supreme Court over controversies between a state and its own citizens. C. Wright, Law of Federal Courts 557 (3d ed. 1976). The first paragraph of section 2 of article III of the Constitution provides in pertinent part:

The judicial Power shall extend . . . to Controversies to which the United

States shall be a Party;—to controversies between two or more States;—between a State and Citizens of another State;—between citizens of different States . . . .

The second clause, which appellant relies on here, states:

In all Cases . . . in which a State shall be a Party, the supreme Court shall have original Jurisdiction. In all other Cases before mentioned the supreme Court shall have appellate Jurisdiction . . . .

In interpreting these provisions, the Supreme Court several years ago in *California v. Southern Pacific Co.*, 157 U.S. 229, 258, 15 S.Ct. 591, 602, 39 L.Ed. 683 (1895), made it clear that the language of clause 2 "[i]n all Cases . . . in which a State shall be [a] Party," means in all the cases enumerated in clause 1 of article III, section 2. Nowhere in clause 1 is there mention of a controversy between a state and its own citizens. As the Supreme Court firmly stated: "By the Constitution . . . this court has exclusive jurisdiction of all controversies of a civil nature where a state is a party, but not of controversies between a state and its own citizens . . . ." *Id.* at 258, 15 S.Ct. at 602. *See Texas v. Interstate Commerce Commission*, 258 U.S. 158, 163, 42 S.Ct. 261, 263, 66 L.Ed. 531 (1922); *Minnesota v. Northern Securities Co.*, 184 U.S. 199, 245–46, 22 S.Ct. 308, 325–26, 46 L.Ed. 499 (1902).

This rule has been codified in the statutory provision which describes the original jurisdiction of the Supreme Court. *See* 28 U.S.C. § 1251.[7] Although section 1251(b)(3) provides for the Supreme Court's original, *but not exclusive*, jurisdiction of all actions by a state against the citizens of *another* state, there is no provision for controversies between a state and its own citizens.

---

7. 28 U.S.C. § 1251 provides:

(a) The Supreme Court shall have original and exclusive jurisdiction of all controversies between two or more States.

(b) The Supreme Court shall have original but not exclusive jurisdiction of:

(1) All actions or proceedings to which ambassadors, other public ministers, consuls, or vice consuls of foreign states are parties;

(2) All controversies between the United States and a State;

(3) All actions or proceedings by a State against the citizens of another State or against aliens.

Golden Isles brought this suit alleging violations by Florida of 42 U.S.C. § 1396a. The district court's ruling that it had jurisdiction over this action pursuant to 28 U.S.C. § 1331(a),[8] which provides for the district court's jurisdiction of all actions arising under the laws of the United States wherein the amount in controversy exceeds $10,000, was thus proper.

## II.

Appellant Florida DHRS next contends that venue was proper only in the Northern District of Florida where the principal offices of DHRS and its secretary are located. It asserts that when a state officer or agency is sued for the purpose of compelling official action, venue lies only in the district where the agency and its executive officers maintain their official residences. Our review of the statute and the important considerations underlying the choice of a proper forum lead us to conclude that appellant's assertion that venue is improper in the Southern District of Florida is erroneous.

■ Venue is governed by the federal venue statute, 28 U.S.C. § 1391(b), which provides:

A civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought only in the judicial district where all defendants reside, or in which the claim arose, except as otherwise provided by law.

The general rule in suits against public officials is that a defendant's residence for venue purpose is the district where he performs his official duties. 1 Moore's Federal Practice ¶ 0.142[5.–1–2], at 1396 (2d ed. 1979). See, e. g., Butterworth v. Hill, 114 U.S. 128, 132, 5 S.Ct. 796, 798, 29 L.Ed. 119 (1885); O'Neill v. Battisti, 472 F.2d 789, 791 (6th Cir. 1972), cert. denied sub nom. Heitzler v. O'Neill, 411 U.S. 964, 93 S.Ct. 2142, 36

L.Ed.2d 685 (1973). A number of the cases applying this principle have involved federal officials or agencies and have found only one official residence. See, e. g., Ernst v. Secretary of the Interior, 244 F.2d 344, 17 Alaska 133 (9th Cir. 1957); Trueman Fertilizer Co. v. Larson, 196 F.2d 910 (5th Cir. 1952); Hartke v. Federal Aviation Administration, 369 F.Supp. 741 (E.D.N.Y.1973).

It has been held, however, that a state agency or official does not necessarily have a single residence. See Buffalo Teachers Federation, Inc. v. Helsby, 426 F.Supp. 828 (S.D.N.Y.1976). In Buffalo Teachers Federation the court noted that in suits against federal agencies, the federal government would be faced with serious difficulties if it were forced to answer complaints in a multitude of forums and forum shopping would be greatly encouraged if suits could be brought in any district where a subordinate departmental officer resides. Such problems, however, "are significantly less serious in the context of a suit against a state governmental entity or official." Id. at 829. In the state context, there is little threat of inconvenience or even forum shopping, at least sufficient "to warrant a blanket rule that there may never be more than a single residence." Id. In Buffalo Teachers Federation the court determined that although the state agency involved had its central headquarters in the Northern District of New York, venue was not lacking in the Southern District where suit was brought. The agency involved maintained a field office in the Southern District and a significant portion of its business was conducted from that office.

Here, Florida DHRS, though headquartered in the Northern District of Florida, maintains a large office in the Southern District and much of its business is transacted from that office. Furthermore, the venue statute makes it clear that the residence of defendants does not provide the

**8.** 28 U.S.C. § 1331(a) provides:

(a) The district courts shall have original jurisdiction of all civil actions wherein the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and arises under the Constitution, laws, or treaties of the United States except that no such sum or value shall be required in any such action brought against the United States, any agency thereof, or any officer or employee thereof in his official capacity.

only basis for venue. Venue is also proper in the district where the claim arose. Though the legislative history of section 1391(b) fails to suggest what the draftsmen thought about the question of where a claim arises, 1 Moore's Federal Practice ¶ 0.142[5.–2], at 1423 (2d ed. 1979), when the statute was amended to extend venue to a district "in which the claim arose," the purpose was to "facilitate the disposition of . . . claims by providing . . . a more convenient forum to the litigants and witnesses involved." H.R.Rep.No.1893, 89th Cong., 2d Sess. 2 (1966). Thus, "where the claim arose" should "be ascertained by advertence to events having operative significance in the case, and a commonsense appraisal of the implications of those events for accessibility to witnesses and records." *Lamont v. Haig,* 590 F.2d 1124, 1134 (D.C. Cir.1978). This is not to suggest that only a single district can satisfy the statutory standard with respect to any given claim. Often, the factors deemed determinative might well indicate the suitability of several forums. *See, e. g., Commercial Lighting Products, Inc. v. United States District Court,* 537 F.2d 1078, 1080 (9th Cir. 1976); *Tefal, S.A. v. Products International Co.,* 529 F.2d 495, 496–97 (3d Cir. 1976); *Gardner Engineering Corp. v. Page Engineering Co.,* 484 F.2d 27, 32–33 (8th Cir. 1973). In any case, the court should not oppose the plaintiffs' choice of venue if the activities that transpired in the district where suit is brought were not insubstantial and the forum is a convenient one balancing the equities and fairness to each party. *Lamont v. Haig, supra,* 590 F.2d at 1134 n. 62; *Weil v. New York State Department of Transportation,* 400 F.Supp. 1364, 1365 (S.D.N.Y. 1975).

Applying this standard, then, it is clear that venue properly lies in this matter in the Southern District of Florida. Not only does appellant maintain a large office there but the payments which Golden Isles is seeking were allegedly due it within the Southern District where Golden Isles and the other plaintiffs-appellees are located. This is sufficient in the circumstances of this case to justify the placing of venue in the Southern District of Florida.

III.

Appellant's third contention is that the Eleventh Amendment to the United States Constitution bars the district court's directive that the Florida agency submit a plan for reimbursing Golden Isles in accordance with the requirements of the Medicaid statute. Appellant argues that the court's order constitutes a prohibited ruling against the state itself, binding the state in contravention of the Eleventh Amendment to a particular course of conduct. Florida's argument is without merit.

The Supreme Court held in *Edelman v. Jordan,* 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974), that a federal court decree mandating that a state officer or agency administering a federal entitlements program comply with the requirements of the federal act creating the program is not void by virtue of the Eleventh Amendment, even though the state official will necessarily be required to spend money from the state treasury to carry out the court's order. *Id.* at 667–68; 94 S.Ct. at 1357–58. *See Ex parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908). This is a well-established principle and has been applied consistently by courts in cases involving matters similar to that confronting us here. *See Rothstein v. Wyman,* 467 F.2d 226, 236 (2d Cir. 1972), *cert. denied,* 411 U.S. 921, 93 S.Ct. 1552, 36 L.Ed.2d 315 (1973); *Hempstead General Hospital v. Whalen,* 474 F.Supp. 398, 406 (E.D.N.Y.1979); *Alabama Nursing Home Association v. Califano,* 433 F.Supp. 1325, 1330–31 (M.D.Ala.1977); *Pharmacists Society of Milwaukee County, Inc. v. Department of Health and Social Services,* 79 F.R.D. 405, 408 (E.D.Wis.1978).

Here, the district court's order does no more than require Florida DHRS, prospectively from the date of its order, to comply with the Social Security Act's mandate that it reimburse providers of skilled nursing services on a reasonable cost-related basis. Judicial enforcement of the statute's requirements is therefore appropriate, *see Rosado v. Wyman,* 397 U.S. 397, 90 S.Ct. 1207, 25 L.Ed.2d 442 (1970), and the Eleventh Amendment is no bar where by its terms the court's decree is prospective in nature.

*Edelman, supra*, 415 U.S. at 667–68, 94 S.Ct. at 1358.

## IV.

■ Appellant's final contention is that the court improperly granted in part Golden Isles' motion for summary judgment since there exists a material issue of fact as to whether the state's current Medicaid plan meets the requirements of section 249 of the Social Security Act. Florida's contention misperceives the court's ruling.

In its order the district court did not rule that the current Florida Medicaid plan was not in conformity with the Act's requirement that the agency reimburse providers of services on a reasonable cost-related basis. Rather, the court's order merely directed HEW, in accordance with section 249, to determine whether the current Florida plan is in conformity with the statute. If HEW's determination was adverse to the state, Florida DHRS was directed to submit a conforming plan to be approved by HEW. Once HEW approved the plan, the final determination whether the plan meets the requirements of section 249 was reserved for trial. Thus, the court's order was not dispositive of any factual dispute.

The district court did not err, therefore, in partially granting Golden Isles' motion for summary judgment as there were only issues of law presented and plaintiffs were entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(c); *Nunez v. Superior Oil Co.*, 572 F.2d 1119, 1123 (5th Cir. 1978).

Accordingly, this judgment is

AFFIRMED.

Florida Nursing Home Case (No. 78–2745)

In this consolidated case, appellants Florida Nursing Home and Golden Isles appeal from the court's order denying their claim for reimbursement on a reasonable cost-related basis for nursing services provided by appellants prior to October 18, 1977, the date of the court's entry of a partial summary judgment in the *Golden Isles* litigation. This appeal presents one basic issue:

whether the Eleventh Amendment to the United States Constitution operates as a bar to the retroactive relief sought by appellants. We find that under the circumstances of this case, Florida has waived its Eleventh Amendment immunity by consenting to be sued in federal court under the terms of its contracts with appellants.

■ Under the Eleventh Amendment[9] an unconsenting state is immune from suits brought in federal court by her own citizens. *Hans v. Louisiana*, 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1890); *Parden v. Terminal Railway*, 377 U.S. 184, 84 S.Ct. 1207, 12 L.Ed.2d 233 (1964). It is well established that suits brought against an agency of the state are in fact suits against the state and covered by the Eleventh Amendment. *Ford Motor Co. v. Department of Treasury*, 323 U.S. 459, 462, 65 S.Ct. 347, 350, 89 L.Ed. 389 (1945); *Employees v. Department of Public Health and Welfare*, 411 U.S. 279, 93 S.Ct. 1614, 36 L.Ed.2d 251 (1973). Defendant-appellee Florida Department of Health and Rehabilitative Services is an agency of the Florida state government created by the legislature. *See* Fla.Stat.Ann. § 409.016 *et seq.* (West 1973 & Supp.1979). The relief sought by appellants is reimbursement from the state agency on a reasonable cost-related basis as required by section 249 of the Social Security Act for nursing services rendered from July 1, 1976, the effective date of the Act. As noted earlier, the district court's order denied such relief for any services provided prior to October 18, 1977, the date of the court's ruling. The effect of an award granting Golden Isles and Florida Nursing Home their requested relief will require the payment of state funds as a result of a past breach of a legal duty on the part of the state. Since this relief is retroactive in nature, if not consented to by the state, plaintiffs' action in federal court is barred by the Eleventh Amendment. *Edelman, supra*, 415 U.S. at 668, 94 S.Ct. at 1358. Thus, the sole issue reduces itself to a determination whether the State of Flori-

---

**9.** The Eleventh Amendment provides:

The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against

one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

da has consented to this action and effected a waiver of its sovereign immunity under the Eleventh Amendment.

■ For purposes of this suit, the Florida Department of Health and Rehabilitative Services is governed by Fla.Stat.Ann. § 402.34 (West Supp.1979). This section provides in pertinent part:

The department is a body corporate . . . . It shall have the power to contract and be contracted with, to sue and be sued in actions ex contractu but not in torts, and to have and to possess corporate powers for all purposes necessary to administer this chapter. . . .

By creating this department with authority to sue and be sued the State of Florida has expressly waived its sovereign immunity. This language, standing alone, however, does not constitute a waiver by the state of its constitutional immunity under the Eleventh Amendment from suit in federal court. See *Smith v. Reeves*, 178 U.S. 436, 441, 20 S.Ct. 919, 921, 44 L.Ed. 1140 (1900); *Scott v. Board of Supervisors*, 336 F.2d 557, 558 (5th Cir. 1964).

■ Nevertheless, the state has done more here than merely waive its general immunity from suit in its own state courts. Pursuant to its corporate powers as outlined in section 402.34, Florida DHRS drafted and executed a contract with each appellant which outlines the precise obligations of the agency and the provider of services and which each provider signed as a prerequisite to its participation in the Medicaid program. The sixth paragraph of the agreement which Florida entered into with appellants states:

Both the Provider and the Single State Agency hereby agree to recognize and abide by all State and Federal Laws, Regulations, and Guidelines applicable to participation in and administration of, the Title XIX Medicaid Program.

By contracting with appellants to be bound by all federal laws applicable to the Medicaid program, the state has expressly waived its Eleventh Amendment immunity and consented to suit in federal court regarding any action by providers alleging a breach of these laws.

While it is true that waiver of immunity under the Eleventh Amendment is not to be lightly inferred, *Edelman, supra,* 415 U.S. at 673, 94 S.Ct. at 1361, the "overwhelming implication," *id.,* 94 S.Ct. at 1361, of the state's agreement with appellants is that it constitutes a waiver of Florida's constitutional immunity by requiring the DHRS to recognize and abide by all federal laws in participating in the Medicaid program. To bar federal court jurisdiction in this case could operate to immunize state officers and the agency from their contractual duty to adhere to federal statutory requirements. *See generally New York State Association for Retarded Children v. Carey,* 596 F.2d 27, 39 (2d Cir. 1979). A contrary holding in the circumstances of this case, where appellants Golden Isles and Florida Nursing Home have provided nursing services in accordance with their contractual and statutory obligations since July 1, 1976, would achieve an inequitable result. Accordingly, we reverse this judgment of the court.

AFFIRMED, as to *Golden Isles* Case (No. 77–3467).

REVERSED, as to *Florida Nursing Home* Case (No. 78–2745).