**REPUBLICAN PARTY OF NORTH CAROLINA, Bruce Briggs, William R. Sigmon, Marvin K. Gray, R. Howard Riddle, Lloyd Fowler, Joe R. Wilson, R. Walter White, Edgar A. Readling, Jr., Frederic M. Gallagher, and Ralph A. Walker, Plaintiffs,**

v.

**James G. MARTIN, Governor of North Carolina; the North Carolina State Board of Elections; Robert N. Hunter, Jr., Chairman of the North Carolina State Board of Elections, Thomas A. Farr, William A. Marsh, Jr., Ruth Turner, Semashko, and June K. Youngblood, members of the North Carolina State Board of Elections, Durham County Board of Elections, Forsyth County Board of Elections, and Guilford County Board of Elections, Defendants.**

No. C–87–779–G.

United States District Court,
M.D. North Carolina,
Greensboro Division.

March 29, 1988.

C. Allen Foster, Greensboro, N.C., for plaintiffs.

Atty. Gen. Lacy Thornburg by James Wallace, Jr., Asst. Atty. Gen., N.C. Dept. of Justice, Raleigh, N.C., for defendants.

James E. Ferguson, II and Leslie J. Winner, Charlotte, N.C., for intervenor.

## MEMORANDUM OPINION

ERWIN, District Judge.

### Introduction

This matter is before the court upon defendants' motions for change of venue and to dismiss. The court grants defendants' motion for change of venue to the Eastern District of North Carolina and defendants' motion to dismiss the claims against the Forsyth County Board of Elections, the Durham County Board of Elections, and the Guilford County Board of Elections.

### Factual Background

Plaintiffs filed this action on November 4, 1987, challenging the method of electing North Carolina Superior Court Judges enacted in Chapter 509 of the North Carolina Session Laws of 1987. Plaintiffs contend that the current election method for such judges discriminates against them on the basis of party affiliation in violation of the First and Fourteenth Amendments to the Constitution of the United States.

Defendants have answered and moved for a change of venue. Also, defendants move to dismiss the plaintiffs' claims against the Forsyth, Guilford, and Durham County Boards of Elections.

### Discussion

#### Motion to Dismiss

■ Defendants allege that the suit against the county boards of elections is superfluous since they exercise virtually no discretion in the implementation of state law and act only in a ministerial capacity. Defendants note that the county boards have no power to independently place a candidate on the ballot in an election for resident superior court judge and that they cannot remove a candidate from an election ballot. N.C.Gen.Stat. § 163–106 (1987). Furthermore, plaintiffs note that a candidate seeking a judgeship must file for candidacy with the North Carolina State Board of Elections (State Board) under § 163–106(c). In general, the county boards are prohibited from acting "inconsistent with law or the rules established by the State Board of Elections." N.C.Gen. Stat. § 163–33 (1987).

The court finds *Brown v. N.C. State Board of Elections,* 394 F.Supp. 359 (W.D. N.C.1975), instructive. In that case, plaintiff challenged the amount of the filing fee required to be a candidate for election to Congress. Plaintiff named a county board of elections and its members as defendants. The court dismissed the action against the county board of elections and its members since it found that the county board lacked the authority to either accept or reject such filings and because the statute required candidates to file notice with the State Board for candidacy.

In this case, as in *Brown,* candidates must file their candidacy with the State Board. The county boards have no authority to act in a manner inconsistent with the statute governing election of superior court judges. They are merely acting in a ministerial capacity and can only carry out duties as detailed by statute and the State Board. Given the foregoing argument and the *Brown* precedent, the court will dismiss this case as to defendants Durham County Board of Elections, Forsyth County Board of Elections, and Guilford County Board of Elections.

#### Change of Venue

■ Title 28, United States Code, Section 1391(b) (1976) provides: "A civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought only in the judicial district where all defendants reside, or in which the claim arose, except as otherwise provided by law." The remaining defendants all reside in Wake County. Although three defendants actually live outside the Eastern District, they reside in Wake County for venue purposes since it is there that they act in their official capacities as members of the State Board. The State Board is required by statute to "meet in its offices in the City

of Raleigh, or at another place in Raleigh to be designated by the chairman." N.C. Gen.Stat. § 163–20 (1987). Where a public official "is a party to an action in his official capacity, he resides in the judicial district where he maintains *his official residence, that is, where he performs his official duties.*" *Birnbaum v. Blum*, 546 F.Supp 1363, 1366 (S.D.N.Y.1982), *quoting O'Neil v. Battisti*, 472 F.2d 789, 791 (6th Cir.1972).

■ Some courts suggest that when the official party to a suit is a state rather than a federal official, the court should be less willing to limit venue to the official residence since potential inconvenience to federal officials resulting from a rule recognizing multiple official residences is far greater than for state officials who can never be deemed to reside in another state. *See, e.g., Buffalo Teachers Federation, Inc. v. Helsby*, 426 F.Supp. 828 (S.D.N.Y. 1976). Courts have concluded that state officials may have more than one official residence for venue purposes if a combination of the following factors is present: (1) the defendant's presence in the district in which the plaintiff has sued; (2) the extent of defendant's official activities in the district; and (3) the relationship of the defendant's activities within the district to the cause of action. *Cheeseman v. Carey*, 485 F.Supp. 203, 207 (S.D.N.Y.1980), *remanded on other grounds*, 623 F.2d 1387 (2d Cir. 1980).

In this case, the State Board does not maintain an office in this district, nor does it conduct a substantial amount of its activities in this district. Admittedly, the State Board has supervisory power over the county boards of elections pursuant to N.C. Gen.Stat. § 163–22(c). However, the mere supervisory role over a public body does not make that body an official residence. One court noted in another case: "While it may be true that [defendant] DDS has some supervisory power over IMCs located in this district, it would be unreasonable to infer that each of the IMCs is an 'official' residence of defendant." *Canaday v. Koch*, 598 F.Supp 1139, 1145 (E.D.N.Y. 1984). In this case, the court finds it equally unreasonable to assume that by the mere fact of the State Board's supervisory role, it has an official residence in each of the one hundred counties in this state where county boards of elections are located.

Plaintiffs have failed to demonstrate that defendants reside outside the Eastern District for venue purposes pursuant to 28 U.S.C. § 1391(b). However, under that statute, venue may also be found in the district where the claim arose. The court will next consider plaintiffs' contention that its claim arose in this district.

Section 1391(b) specifically states that venue may be established "only" in "the" district where "the" claim arose. The language is "as clear as Congress could have made it, thereby suggesting that a claim can arise only in a single district." *Cheeseman*, 485 F.Supp at 211. Although the Supreme Court has not ruled if there can only be one place for venue, it has noted that it is "the unusual case in which it is not clear that the claim arose in only one specific district." *Leroy v. Great Western United Corp.*, 443 U.S. 173, 185, 99 S.Ct. 2710, 2717, 61 L.Ed.2d 464 (1979). The court stated that such an unusual case may arise where "a plaintiff may choose between those two (or conceivably even more) districts that with approximately equal plausibility—in terms of the availability of witnesses, the accessibility of other relevant evidence, and the convenience of the defendant (but *not* the plaintiff)—may be assigned as the locus of the claim." *Id.*

The court does not find this to be an unusual case. The Legislature passed the law establishing the election system for superior court judges in Raleigh. The State Board responsible for enforcing and implementing the statute is located in Raleigh, and candidates for the judgeships must register with the State Board in Raleigh for election eligibility. Also, since the official residence of the defendants is located in Raleigh, it is a more convenient forum for them. Hence, the "weight of contacts" test that the factors in *Leroy* imply favors litigating the claim in the Eastern District. Such a result is consistent with

the action of federal courts deciding the venue issue in claims challenging the constitutionality of a state law or action. In *Canaday*, the court found that the claim arose where the policy makers resided and where the policies were developed. The court noted:

All of the defendants, whose policies are challenged by plaintiffs, reside in the Southern District and set such policies there. [T]he "claim arose" language was inserted into § 1391(b) to fill a venue gap created by the residence of defendants in different districts, venue under the "claim arose" language should not be considered when, as here, all defendants do reside in the same district, i.e., the Southern District of New York.

*Canaday*, 598 F.Supp at 1147–48. *See also Dillard v. Crenshaw County*, 640 F.Supp. 1347 (M.D.Ala.1986) (black citizens' claims against counties under Voting Rights Act challenging at-large systems used to elect county commissioners in counties with significant black populations, arose in district where legislature met and passed laws creating at-large systems in counties, even though focus of claims was the result of laws in the counties rather than intent behind them).

### Conclusion

The court must conclude that venue does not lie in this district. In the interest of justice, this case should not be dismissed but should be transferred pursuant to 28 U.S.C. § 1406(a) (1976) to the United States District Court for the Eastern District of North Carolina.