**BOSTON DRUGS, INC., Plaintiff,**

v.

**Cesar A. PERALES, Commissioner of the Department of Social Services of the State of New York, Defendant.**

**TRC DRUGS, INC., Plaintiff,**

v.

**Cesar A. PERALES, Commissioner of the Department of Social Services of the State of New York, Defendant.**

**RIZCO PHARMACY, INC., Plaintiff,**

v.

**Cesar A. PERALES, Commissioner of the Department of Social Services of the State of New York, Defendant.**

Nos. CV–90–3185, 90–3186 and CV–90–3206.

United States District Court, E.D. New York.

Oct. 10, 1990.

Jeffrey M. Rubin, Rubin & Shang, New York City, for plaintiff.

Gerald Slotnick, Asst. Atty. Gen., New York City, for defendant.

GLASSER, District Judge:

Plaintiffs, pharmacies located in the Southern District of New York, bring these actions pursuant to the equal protection and due process clauses of the United States Constitution, and Article I, § 11 of the New York State Constitution, which prohibits the denial of equal protection of the laws of the State. Preliminarily, plaintiffs seek an order directing defendant to show cause why this Court should not enjoin defendant from terminating plaintiffs' participation in the Medicaid program.

The only issue now before the Court, however, is whether venue in this District is proper, pursuant to 28 U.S.C. § 1391(b). More specifically, the question presented is whether the defendant's office in Queens, New York, which is located within the Eastern District, may be deemed an "official residence" of defendant Perales for the purpose of establishing venue here. For the reasons set forth below, the Queens office is found to be sufficient and venue is found to be proper.

■ The specific venue provision implicated in this proceeding is 28 U.S.C. § 1391(b), which provides:

A civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought only in the judicial district where all defendants reside, or in

which the claim arose, except as otherwise provided by law.

It is settled law that under § 1391(b) the "residence" of public officers means the "official" and not the actual residence. *Canaday v. Koch,* 598 F.Supp. 1139, 1143 (E.D.N.Y.1984). It is also well established that a state official, as distinguished from a federal official, may have more than one residence for the purpose of establishing venue. *Id.; Cheeseman v. Carey,* 485 F.Supp. 203, 207 (S.D.N.Y.1980).

■ To determine whether a state defendant maintains an official residence in a particular district, a court should consider three factors:

(1) the defendant's presence in the district in which the plaintiff has sued; (2) the extent of defendant's official activities in the district; and (3) the relationship of the defendant's activities within the district to the cause of action asserted.

*Cheeseman v. Carey,* 485 F.Supp. 203, 207 (S.D.N.Y.1980). Pursuant to the three-pronged inquiry, the court in *Cheeseman* held that venue was not proper under § 1391(b). In that case, two defendants, the State Office of Employee Relations and its Director, did not have their own office in the Southern District of New York, but claimed that they had an official residence there by virtue of an Executive Branch office located in the district. *Id.* at 208. Another defendant, the State Comptroller, alleged that venue was proper because it maintained an office in the district. *Id.* However, the court found that venue was not proper because the activities pursued in the Southern District by both the Executive Branch and the Comptroller were not significantly related to the facts underlying the cause of action. *Id.*

In *Canaday v. Koch,* 598 F.Supp. 1139 (E.D.N.Y.1984), this Court held that the Queens office of Cesar Perales, Commissioner of the New York State Department of Social Services and a named defendant, could not be considered an official residence for the purpose of establishing venue. 598 F.Supp. at 1145. There, Perales was sued based on his agency's alleged

 

denial of emergency shelter to homeless families. This Court held that Perales' office had, at best, only a supervisory role over the local agencies responsible for making decisions concerning the allocation of emergency housing. *Id.* The defendants did not make any of the relevant decisions within the Eastern District. *Id.* Consequently, venue here was found to be improper. *Id.* *Cf. South Ogden CVS Store, Inc. v. Ambach,* 493 F.Supp. 374, 378 (S.D. N.Y.1980) (venue proper because defendants maintained offices in the district and failed to show that "they do not conduct at least a significant part of their pharmacy-related business" there).

In the instant cases, unlike the situation in *Canaday,* Perales' Queens office apparently plays an active role in the relevant decision-making processes. The office houses hundreds of auditors who investigate and determine pharmacies' compliance with Medicaid regulations. The Queens office's findings serve as a basis for pharmacies' ultimate terminations from participating in the Medicaid program. Moreover, the terminations in the present cases were based on investigations conducted by the Queens office.

Because Perales maintains a significant official presence in this district, and because his office's activities are highly related to the present actions, venue is proper in these cases. *See also Florida Nursing Home Ass'n v. Page,* 616 F.2d 1355 (5th Cir.) (venue proper where the state maintained a large office and from which the Medicaid payments sought by plaintiff were due), *cert. denied,* 449 U.S. 872, 101 S.Ct. 211, 66 L.Ed.2d 92 (1980), *rev'd on other grounds sub nom. Florida Dept. of Health and Rehabilitative Services v. Florida Nursing Home Ass'n,* 450 U.S. 147, 101 S.Ct. 1032, 67 L.Ed.2d 132 (1981). Defendant is hereby ordered to show cause why it should not be enjoined from terminating plaintiffs' Medicaid participation. Arguments shall be made before this Court in Courtroom 5 of the United States Courthouse located at 225 Cadman Plaza East, Brooklyn, New York on October 26, 1990 at

9:30 a.m. Defendant must file its responsive papers on or before October 19, 1990.

SO ORDERED.