**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-1475**

RONALD SATISH EMRIT,

            Plaintiff - Appellant,

        v.

NEVADA DEPARTMENT OF MOTOR VEHICLES, (DMV); MARYLAND
MOTOR VEHICLE ADMINISTRATION, (MVA); U.S. DEPARTMENT OF
TRANSPORTATION,

            Defendants - Appellees.

Appeal from the United States District Court for the District of Maryland, at Greenbelt.
George J. Hazel, District Judge.  (8:17-cv-00064-GJH)

Submitted:  June 20, 2017                           Decided:  June 30, 2017

Before MOTZ, THACKER, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Ronald Satish Emrit, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ronald Satish Emrit appeals the district court's order dismissing his civil complaint for failure to state a claim and improper venue.[*] We have reviewed the record and find no reversible error. *See Buchanan v. Manley*, 145 F.3d 386, 388-89 (D.C. Cir. 1998). It is apparent from Emrit's complaint that no conceivable basis exists for venue in the District of Maryland. *See* 28 U.S.C. § 1391(b), (c) (2012) (describing venue and residency requirements); *O'Neill v. Battisti*, 472 F.2d 789, 791 (6th Cir. 1972) (describing "residency" of public official). Moreover, we are satisfied that the interests of justice did not require transferring, rather than dismissing, the action. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (recognizing that, to survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (internal quotation marks omitted)); *Simpkins v. D.C. Gov't*, 108 F.3d 366, 370 (D.C. Cir. 1997) (recognizing that district court may dismiss action, despite improper venue, where complaint patently failed to state viable claim).

---

[*] Although Emrit's notice of appeal was filed more than 60 days after the district court's dismissal order, his appeal is timely because the court's order explains in full its reasons for dismissing the complaint and therefore is not a separate judgment under Fed. R. Civ. P. 58(a). *See Hughes v. Halifax Cnty. Sch. Bd.*, 823 F.2d 832, 835 (4th Cir. 1987). The order is deemed "entered," for purposes of Fed. R. App. P. 4(a), when "150 days have run from entry of the order in the civil docket." Fed. R. App. P. 4(a)(7)(A)(ii). As Emrit's notice of appeal was filed within that 150-day period, we have jurisdiction to consider his appeal. *See Quinn v. Haynes*, 234 F.3d 837, 843 (4th Cir. 2000).

2

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*