**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-1358**

RONALD SATISH EMRIT,

       Plaintiff - Appellant,

    v.

HOLLAND & KNIGHT, LLP; D.C. BAR; ON THE POTOMAC PRODUCTIONS; THOMAS HART, Esquire,

       Defendants - Appellees.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. George J. Hazel, District Judge.  (8:17-cv-00065-GJH)

Submitted:  June 20, 2017                   Decided:  July 13, 2017

Before MOTZ, THACKER, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Ronald Satish Emrit, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ronald Satish Emrit appeals the district court's order dismissing his civil complaint without prejudice for improper venue.[*] We have reviewed the record and find no reversible error. Even assuming, without deciding, that the district court abused its discretion in dismissing the complaint for improper venue, "we may affirm a district court's ruling on any ground apparent in the record." *See U.S. ex rel. Drakeford v. Tuomey*, 792 F.3d 364, 375 (4th Cir. 2015). As our review of Emrit's complaint reveals that it is "time-barred on its face," and thus patently frivolous, we conclude the complaint was properly subject to dismissal under 28 U.S.C § 1915(e)(2)(B)(i) (2012). *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951, 956 (4th Cir. 1995).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[*] We conclude that the district court's order dismissing the complaint without prejudice is an appealable final order. *See Goode v. Cent. Va. Legal Aid Soc'y, Inc.*, 807 F.3d 619, 623 (4th Cir. 2015). Although Emrit's notice of appeal was filed more than 30 days after the district court's dismissal order, his appeal is timely because the court's order explains in full its reasons for dismissing the complaint and therefore is not a separate judgment under Fed. R. Civ. P. 58(a). *See Hughes v. Halifax Cnty. Sch. Bd.*, 823 F.2d 832, 835 (4th Cir. 1987). The order is deemed "entered," for purposes of Fed. R. App. P. 4(a), when "150 days have run from entry of the order in the civil docket." Fed. R. App. P. 4(a)(7)(A)(ii). As Emrit's notice of appeal was filed within that 150-day period, we have jurisdiction to consider his appeal. *See Quinn v. Haynes*, 234 F.3d 837, 843 (4th Cir. 2000).